REDMANN, Judge.
We granted alternative writs on the application of plaintiff, whose original and amended petitions for injunctive relief were dismissed by judgment of the trial court maintaining the peremptory exception of no cause of action.
Plaintiff’s petitions allege, among other things, that one corporate defendant is the creature of the other corporate defendant *568 (of which plaintiff is a dues-and-fee-paying member), for purposes of arranging a “Parade of Homes” each year in which member builders build houses at a selected location, and promote and advertise their houses together; that the Parade has been held each year since 1966 and plaintiff has built a house for showing in each Parade; that, under defendant corporate sponsor’s announced rules for the Parade scheduled for Spring of 1969, those builders are entitled to preference in participation who had previously participated in the parades; that plaintiff is therefore entitled (with maximum preferential right?) to participate ; that defendants have refused to permit plaintiff to participate, giving as their reason plaintiff’s involvement in an unrelated lawsuit with one of defendants; and that damages by way of lost prestige, advertisement and contacts with possible purchasers of homes to be built by plaintiff are not measurable.
We considered the application for writs, rather than require plaintiff to await appeal, because of the pressure of time: the “Spring 1969” Parade would be over by the time an appeal would ordinarily be disposed of. Being of the opinion that the petitions did state a cause of action, we ordered the trial judge to either reverse his judgment or send us the record for review.
The record has been sent to us and defendants have filed a brief in support of the trial judge’s ruling.
We remain of the opinion that plaintiff’s petitions state a cause of action for injunctive relief. Defendants’ briefs in support of the original exceptions and of the trial court’s judgment consist largely of argument disputing plaintiff’s allegations or adding additional facts which may constitute defenses, thus reinforcing our view that one must either reject plaintiff’s allegations or add further facts to conclude plaintiff is not entitled to relief.
For example, defendants say in brief the Parades have been conducted since 1954; this amounts to a denial of plaintiff’s allegation the Parade has been conducted since 1966, and of his allegation of 100% prior participation and consequent entitlement to (maximum) preference under the alleged rules.
Apart from disputing facts (which is not permissible on the exception of no cause), defendants’ only technically appropriate argument is that plaintiff does not adequately allege “irreparable injury, loss, or damage” as required for an injunction by LSA-C.C.P. article 3601.
Defendants’ position seems to be that, since plaintiff is a business corporation, its damages can only be loss of possible profits, which is a money loss and therefore compensable by a money judgment for damages. We believe allegations showing damages will occur which cannot be adequately measured as to amount, and in that sense can never be repaired with any certainty as to quantum, satisfy the irreparable injury requirement; Pennington v. Drews, 209 La. 1, 24 So.2d 156, 163, 164 (1945).
It is therefore ordered that the respondent judge, the Honorable Paul P. Gar-ofalo, recall, rescind and set aside his judgment of February 7, 1969, and enter judgment overruling defendants’ exceptions of no cause of action, and proceed with the hearing of relator’s petition for injunction. Costs of the proceedings in this court are to be paid by defendants-respondents, and all other costs shall await the final determination of the cause.
Mandamus issued.