466 So.2d 800 (1985)
Robert B. EVANS, William J. Scheffler, III, M.H. Deloney and T.D. Jenkins
v.
William M. DETWEILER, and XYZ Insurance Company.
No. CA-1233.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*801 Douglas A. Kewley, Bruce A. North, Ernest A. Burguieres, III, Molony, Nolan, North & Riess, Metairie, for plaintiffs-appellants.
Avery T. Waterman, Jr., Henri Wolbrette, III, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants-appellees.
Bruce G. Reed, Reed & Reed, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Robert Evans, William Scheffler, M.H. Deloney, and T.D. Jenkins, brought this action for legal malpractice against defendant, William Detweiler. Detweiler filed a third party demand against Gilsbar, the corporation that administers Lawyer's Professional Liability Insurance on behalf of the Louisiana State Bar Association. The District Court maintained Detweiler's exception of no cause of action and dismissed plaintiffs' suit. Plaintiffs filed this appeal. The sole issue is whether plaintiffs' petition and papers appended thereto state a cause of action for legal malpractice.
*802 The exception of no cause of action addresses itself to the legal sufficiency of the petition. For the purpose of its trial, all well-pleaded allegations of fact are accepted as true. The reviewing court must determine, based solely on the facts alleged in the petition and the papers appended thereto, whether under any legal theory a remedy is afforded to anyone under the circumstances alleged. No evidence is admissible to support or controvert the exception. If the petition alleges sufficient facts which would entitle plaintiff to any remedy under any theory of law, the exception must be overruled. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La. 1983); Allied Chemical v. Iberville Parish Police, 426 So.2d 1336 (La.1983); Scariano Brothers, Inc. v. Hammond Construction Division of Scheyd-Brennan, Inc., 428 So.2d 564 (La.App. 4th Cir.1983).
To state a claim for legal malpractice plaintiffs must allege that there was an attorney-client relationship, that the attorney was negligent in his representation of the client and that this negligence caused plaintiffs some loss. An attorney is negligent in handling a case if he fails "to exercise at least that degree of care, skill and diligence which is exercised by prudent practicing attorneys in his locality." Ramp v. St. Paul Fire and Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972). An attorney is negligent if he accepts employment and fails to assert timely a viable claim or causes the loss of opportunity to assert a claim for recovery. Jenkins v. St. Paul Fire and Marine Ins. Co., 422 So.2d 1109 (La.1982).
The essence of plaintiffs' action against Detweiler is that he negligently allowed certain of their claims under federal and state law to prescribe. Plaintiffs have thus attached to the malpractice petition a certified copy of a complaint previously filed by them in federal court against certain named defendants, and a certified copy of a judgment of dismissal of that suit on grounds of prescription.
The facts alleged in the malpractice petition and the attached federal complaint are essentially as follows:
Sometime after October 1975the date is not specifically statedthe plaintiffs purchased interests in a partnership, a drilling venture known as Mony Oil and Gas, Ltd. Drilling Program No. 1 (Mony No. 1). Mony Oil and Gas Ltd. (Mony Corp.) was the general partner, and Angelo Marsalone was Mony Corp.'s president. Sam Recile was a de facto officer and director of Mony Corp. and was the party who solicited the plaintiffs and sold to them their interests in the partnership. A geological report by the firm of Rockwood and Roth was used by Recile in promoting the sale.
Plaintiffs Evans, Scheffer, and Deloney each purchased a 1% interest in the drilling venture for $12,500.00 and contributed $900.00 for completion costs on the first well. Plaintiff Jenkins paid $40,200.00 plus completion costs for a 3% interest.
Plaintiffs allege that according to the terms of their partnership agreement, Mony Corp., as general partner, obligated itself to drill to casing five wells on certain lands located in Jefferson and Plaquemines Parishes. As of late 1976, however, Mony Corp. had failed to show signs of performing under the agreement, so the plaintiffs sought to recoup their investments from the partnership. To that end, they retained the services of an attorney named William M. Detweiler. After the passage of approximately eighteen months, Detweiler had not filed suit on behalf of any of the plaintiffs, and in April 1978, he returned their files.
Thereafter, the plaintiffs retained other legal counsel who on June 30, 1978 filed a federal court action in their names against Mony Corp. (the general partner), Mony No. 1, (the partnership), Marsalone, Recile, and the firm of Rockwood and Roth. Civil Action No. 78-2129, United States District Court for the Eastern District of Louisiana. No proceedings were instituted in state court.
The federal court petition alleged that as yet, Mony Corp. had begun drilling only *803 three of the five wells it had promised to drill, and that of those three, only the first of those had been completed; that despite amicable demand, Mony Corp. refused to complete drilling on the second and third wells, and refused to begin operations on the fourth and fifth wells; that the named defendants had misappropriated the plaintiffs' investments in order to finance other operations; that the defendants had made material misrepresentations to the plaintiffs to induce them to join Mony Corp.'s oil drilling venture; and that the defendants induced the plaintiffs' investments without having any intention to drill all the oil wells promised under the partnership agreement.
The claims asserted in the federal complaint were based upon alleged violations of the Securities Act of 1933, the Security Exchange Act of 1934, Rule 10b(5) of the Rules of the Security and Exchange Commission, the Louisiana Blue Sky Laws (R.S. 51:701 et seq.), and Louisiana Civil Code Article 1847 (the Code's general fraud provision). The federal complaint further alleged breach of fiduciary duty on the part of the general partner (Mony Corp.), acting through Recile and Marsalone, and, in addition, requested that the partnership be dissolved and that an accounting be made of all partnership funds.
The legal malpractice petition alleges that the case proceeded to trial against all defendants; that Mony Corp. and Mony No. 1 were unrepresented and thus suffered default judgments; that after presentation of the plaintiffs' case-in-chief against those defendants who were represented Recile, Marsalone, the firm of Rockwood and Roththe trial court maintained defendants' affirmative defense of prescription and dismissed the action with prejudice; that prescription ran on plaintiffs' claims after William M. Detweiler had accepted the case and prior to his return of the file to plaintiffs; that plaintiffs had established a prima facie case and would have been entitled to judgment but for the plea of prescription; that in failing to timely file suit and/or in failing to properly advise plaintiffs of their rights and the appropriate time limitations, Detweiler breached his duty to exercise a sufficient degree of care, skill, and diligence; and that because of said breach, the plaintiffs had suffered damage.
In response to the foregoing allegations, defendant Detweiler filed an exception of no cause of action, contending that on the basis of the pleadings submitted, as enlarged by the allegations of the complaint previously filed in the United States District Court, it was clear that the plaintiffs still retained a viable action for an accounting under Louisiana partnership law, and that the prescriptive period for such an action had not begun to run because, as yet, there had been no rendering of a final accounting by the partners against whom the allegations of malfeasance had been made.
Without assigning written reasons, the trial court granted the defendant's exception.
It is clear that the trial court properly upheld defendant's exception of no cause of action as plaintiffs have failed to adequately allege that they have suffered a loss due to defendant's negligence. More specifically, the instant petition fails to assert that defendant's alleged negligence has left plaintiffs with no remedies under state law or that the remedies available under state law fall short of those that were available under federal law. Under such circumstances, the petition fails to state a cause of action.
Because plaintiffs may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action, they should be afforded an opportunity to amend their petition in accordance with this opinion. C.C.P. art. 934; Buxton v. Fireman's Fund Ins. Co., 422 So.2d 647 (La.App. 3rd Cir.1982).
For the above and foregoing reasons, the judgment of trial court is affirmed and remanded with instructions to order plaintiffs to amend their petition, if they can, to state a cause of action within a delay deemed reasonable by the trial court.
AFFIRMED and REMANDED.
*804 REDMANN, C.J., concurring.
WILLIAMS, J., dissenting.
REDMANN, Chief Judge, concurring.
Subscribing to the majority opinion, this writer would add that, in order to establish damage, plaintiffs must also prove (and therefore should allege) that they could have collected from the bankrupt originally (allegedly) liable persons, in an amount in excess of the judgment available under state law.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
Plaintiffs have stated a cause of action. Any action, however, is premature until there has been a determination of what remedies are or are not available to plaintiffs at this time. This prematurity does not preclude this suit, but will present difficulty in an exact assessment of damages. We note that because defendants have not filed a dilatory exception of prematurity it has been waived by their filing of the peremptory exception of no cause of action. La.C.Civ.Pr. art. 928.