STOKER, Judge.
This is an appeal by the Louisiana Department of Corrections from a judgment reversing a decision of the board of review for the Office of Employment Security in which the board disqualified Dudley Hopkins from unemployment compensation.
Dudley Hopkins was employed by the Department of Corrections from May 22, 1981 until October 16, 1981 as a Probation and Parole Specialist I. Hopkins experienced problems in keeping up with the work expected of him as a probation and parole specialist. He received two performance reports from his immediate supervisor which indicated that much of his work was below average or substandard. He voluntarily resigned on October 16, 1981.
Hopkins subsequently filed a claim for unemployment compensation and was disqualified by the Office of Employment Security. He appealed the disqualification and a hearing was conducted before appeals referee Elmer Peshoff. The appeals referee affirmed the determination of the agency which disqualified the claimant. Hopkins then appealed to the board of review which affirmed the decision of the appeals referee. He then appealed to the Fourteenth Judicial District Court which reversed the determination of the board of review. The Department of Corrections now appeals the decision of the district court. It argues that the trial court failed to properly apply the standards for judicial review provided for by LSA-R.S. 23:1634 in reviewing the decision of the board of review and in finding that the claimant was not disqualified under the provision of LSA-R.S. 23:1601(1).
We reverse the judgment of the trial court and hold that the claimant is disqualified from receiving unemployment compensation.
In an appeal to a district court of a decision by the board of review, the findings of the board of review as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to the questions of law. LSA-R.S. 23:1634. This raises two questions in this case: (1) Whether there was sufficient evidence to support the findings of fact of the board of review and (2) whether, accepting the findings of the board of review, the board erred as a matter of law in finding that the claimant was disqualified from receiving unemployment compensation.
We find that there was sufficient evidence to support the findings of fact of the board of review. First we note that the findings of fact of the appeals referee constitute the findings of fact of the board of review. LSA-R.S. 23:1630 provides in pertinent part:
“... upon denial by the board of review of an application for appeal from the *1088 decision of an appeal tribunal [appeals referee], the decision of the appeal tribunal shall be deemed to be a decision of the board of review within the meaning of this Section for purposes of judicial review.”
The appeals referee found as fact that the claimant left his employment because he felt he could not meet the workload requirements as set forth by the employer. Both Hopkins and his immediate supervisor, Ronald Johnson, testified at the hearing conducted by the appeals referee. Mr. Hopkins testified that he just could not handle the work as presently structured and organized and that his over-all duty performance was substandard and poor. He further stated that he simply felt like he was more or less unsuited for the kind of work he was required to do and was incapable of producing the quantity required of him. Mr. Johnson also testified that Hopkins was unable to produce the quantity of work that was required. We feel that there was sufficient evidence for the finding of fact of the appeals referee.
The second issue is whether, accepting these findings of fact, the claimant is, or is not, entitled to unemployment benefits under these facts. The trial court gave no reason for its reversal of the board of review. The record gives no indication of the reason the board of review was reversed.
LSA-R.S. 23:1601 provides in pertinent part:
“An individual shall be disqualified from benefits: (1) if the administrator finds that he has left his employment from a base, or subsequent employer without good cause connected with his employment.”
Here the question is whether Mr. Hopkins left his employment without good cause. In Dunigan v. Administration of the Department of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977), an employee resigned because she felt her workload was excessive and she was unable to keep up with the work, among other reasons. The court held that she did not leave her employment for good cause and that she was not eligible for unemployment benefits. In the case at bar in which the claimant left his employment because he could not keep up with the work, he did not have good cause for leaving his employment. We must reverse the trial court and hold that the claimant is disqualified for unemployment compensation.
Costs are assessed to the Department of Corrections.
For the foregoing reasons, the judgment of the trial court is reversed and the decision of the board of review and appeals referee is reinstated.
REVERSED; DECISION OP APPEALS REFEREE AND BOARD OF REVIEW REINSTATED.