STOKER, Judge.
Plaintiff, Clarence Kelly, Jr., has appealed the denial of his claim for unemployment compensation benefits by the Office of Employment Security. Plaintiff was employed as a surgery orderly by Our Lady of Lourdes Regional Medical Center in Lafayette. He was discharged on April 10, 1987 and thereafter filed for unemployment compensation benefits. The Office of Employment Security determined that plaintiff had been discharged from his employment for misconduct connected with the employment and denied benefits. Plaintiff appealed the agency’s determination. The Appeals Tribunal affirmed the agency’s determination that plaintiff was disqualified from receiving benefits. The Board of Review affirmed. Plaintiff then filed a Petition for Judicial Review in the Fifteenth Judicial District Court. The trial court affirmed the plaintiff’s disqualification and dismissed his suit. It is from this judgment that plaintiff has appealed. Plaintiff asserts by way of this appeal that the decision of the Board of Review should be reversed because it was based solely on hearsay and not supported by competent evidence.
Judicial review in unemployment compensation proceedings is limited to questions of law. LSA-R.S. 23:1634; Charbonnet v. Gerace, 457 So.2d 676 (La. 1984). The findings of fact made by the Board of Review, if supported by sufficient evidence and in the absence of fraud, shall be conclusive. Thus the issues before the court on review are (1) whether there was sufficient evidence to support the board’s findings of fact and (2) whether, accepting the board’s findings of fact, the board erred as a matter of law in finding that the claimant was disqualified from receiving unemployment compensation benefits. Hopkins v. Administrator, Office of Employment Security, 471 So.2d 1086 (La. App. 3d Cir.1985). The findings of fact made by the administrative law judge are as follows:
“The claimant was employed by our Lady of Lourdes Regional Medical Center as a surgery orderly from August 12, 1985, until April 10,1987. He was paid a salary of $4.10 per hour. He was a full-time employee and he worked a varied schedule that was determined by his employer. On April 10, 1987, Iris Vid-rine, R.N., Director of Surgery, discharged the claimant because the claimant was insubordinate and he failed to perform his job as expected. The incident which prompted the claimant’s discharge occurred on April 8, 1987. On that date, a surgery nurse, Ann Ortego, told the claimant to take a patient from the recovery room area up to her room. The claimant did not do as instructed. Approximately fifteen minutes after he received those instructions, the claimant assisted another employee with a prep of a patient who was going to surgery. That task lasted approximately one hour. During that time the claimant was paged twice and he did not answer his page. After he completed his task he went to a lounge area rather than reporting back to the recovery room. Another nurse, Gwen Williams, located the claimant in the lounge area, and she informed him that the patient was still waiting to be transported to her room. The claimant then transported the patient to her room. The patient had waited in the recovery room approximately one and one-half hours. In addition to the incident which prompted the claimant’s discharge, he had received other warnings from his supervisors concerning his failure to respond to pages when needed.”
Based upon these findings, the judge concluded that plaintiff’s actions, in light of previous warnings, constituted willful disregard of his employer’s interest or “misconduct” as contemplated by LSA-R.S. 23:1601(2). This “misconduct” disqualified plaintiff from receiving unemployment compensation benefits.
The record before us for review contains the testimony of the plaintiff, plaintiff’s supervisor, Iris Yidrine, R.N., and Anna Theriot, Personnel Assistant at Our Lady of Lourdes. Additionally, the record contains the plaintiff’s employment evaluations, signed by plaintiff, which are part of *291 his personnel records. These evaluations show that plaintiffs job performance needed improvement and he was aware of this. We find that, even though some of the evidence adduced was hearsay, the evidence as a whole was competent and sufficient to support the finding that plaintiff was discharged for misconduct connected with his employment. We conclude such misconduct disqualifies plaintiff from receiving unemployment compensation benefits. We find no error in the judgment of the court below.
The judgment of the trial court is hereby affirmed. Neither party is to be assessed costs.
AFFIRMED.