608 So.2d 684 (1992)
Norman DOE
v.
ENTERGY SERVICES, INC.
No. 91-CA-2540.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
Rehearing Denied December 16, 1992.
Writ Denied February 19, 1993.
*685 Earl J. Schmitt, Jr., Marrero, for plaintiff/appellant.
Elena C. Goletz, New Orleans, for defendant/appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
On appeal, plaintiff, Norman Doe ("Doe"), claims the trial court erred in granting the peremptory exception of defendant, Entergy Services, Inc. ("Entergy"), and in dismissing his petition for its failure to state a cause of action. Doe contends that his petition against his employer, to force the removal of certain documents from his personnel file and/or from the personnel files of his co-workers, sets forth a cause of action in equity. For the reasons which follow, we affirm the dismissal of his petition.
Plaintiff filed suit against his employer, Entergy, under the fictitious name of Norman Doe.[1] His petition alleges that he has worked for Entergy for more than six years. It also alleges that the personnel files which Entergy keeps on him, on co-workers Alphonse Jackson ("Jackson") and/or Debbie Travis ("Travis"), and possibly on others, contain certain documents with "complaints, allegations, alleged facts, and/or reports arising from or allegedly relating to either Alphonse Jackson and/or Debbie Travis." As the information is allegedly not necessary or relevant to his work function and could potentially cause damage if discovered by third-parties, Doe's petition seeks to have "all records sanitized; that is to remove records other than those type of records kept in the regular course of business, ie, [sic] the application form for the job or for promotions, the annual performance evaluations, ..." His petition further seeks that "any reference to petitioner in a derogatory sense in any other file personnel or otherwise at [Entergy] be deleted and that the entire documentation be destroyed, (including any records of defendant's attorneys) such that there will be no trail of allegations made by these or other parties to petitioner." Contemporaneous with filing the petition, Doe also filed a motion for the production of the personnel records of himself, Jackson and Travis, and/or of any other files held by Entergy pertinent to this matter.
Entergy responded by excepting to Doe's petition on the ground that it fails to state a cause of action for which the law affords relief. Entergy asserted that, as an employer, the maintenance or removal of documents pertaining to an employee's workplace conduct or misconduct is solely within its purview. Louisiana's courts have implicitly recognized the employer's right to maintain disciplinary histories on employees. It contended that, when it is necessary to discipline or counsel an employee, employers have a legitimate interest in documenting employee counseling sessions for future reference.[2]
Entergy also filed a motion to quash Doe's motion for production of documents. Entergy alerted the court that it had previously, voluntarily provided Doe the right to *686 examine his own personnel file with his attorney, which right he fully exercised. However, it objected to discovery of the personnel files of Travis and Jackson as those files are privileged. Entergy claimed that discovery of the co-workers' personnel files would have violated their privacy rights.
After trying Entergy's peremptory exception raising the objection of no cause of action and the motion to quash the request for production of documents, the trial court granted the exception and dismissed the suit at Doe's cost. The court indicated that Doe could cite no law which authorized the relief he sought. In absence of positive law, the court found for defendant. The ruling rendered the motion to quash moot.
Doe's appellate brief claims the trial court erred in granting the exception since his petition sets forth a cause of action in equity. Specifically, he claims the trial court erred in granting the exception because he has a right 1) to obtain and copy his employment records; 2) to have "his records sanitized after some reasonable period of time;" 3) to have any false and scandalous materials mentioning his name removed from his employer's records; 4) to file in his personnel file and/or other records of his employer, his version of an alleged wrong; and 5) to receive notification prior to the disbursement to third parties any corporate records referencing his name. He also claims the trial court erred in granting the motion to quash.
The purpose of the peremptory exception raising the objection of no cause of action is to determine the legal sufficiency of the petition. No evidence may be offered at any time to support or controvert the exception. LSA-C.C.P. art. 931; Smith v. Cole, 553 So.2d 847 (La.1989). The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords any relief to plaintiff if those facts are proved at trial. LSA-C.C.P. art. 927; Smith v. Cole, supra; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
Under these precepts, several of Doe's appellate arguments are not germane to our review. Doe's petition does not raise allegations relative to his right to obtain and copy his employment records; to file in his personnel employment file and/or other records of his employer, his version of an alleged wrong; to have any "false and scandalous materials" mentioning his name removed from his employer's records; or to receive notification prior to the disbursement to third parties any corporate records referencing his name. As the exception is tried on the face of the pleadings, the merits of his arguments on those issues are not pertinent to determining whether the trial court erred in finding his petition fails to state a cause of action.
Doe's petition alleges that his personnel file and those of Jackson and/or Travis, and possibly on others, contain certain documents with "complaints, allegations, alleged facts, and/or reports arising from or allegedly relating to either [Jackson] and/or [Travis]." He alleges the information is not necessary or relevant to his work function and could cause him damage if discovered by third-parties. Therefore, he requests that all of Entergy's records referencing him be "sanitized" so there will be "no trail of allegations made by these or other parties to petitioner." He claims a right, based in equity, to purge his personnel file of all information regarding complaints and allegations against him which could potentially cause him damage if discovered by third parties.
In Louisiana, the sources of law are legislation and custom. LSA-C.C. art. 1. Legislation is a solemn expression of legislative will. LSA-C.C. art. 2. It is the superior source of Louisiana law. LSA-C.C. art. 1, Revision Comment § A. Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. LSA-C.C. art. 3. When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To resolve matters equitably, the court resorts to justice, reason and prevailing usages. LSA-C.C. art. 4. According to civilian doctrine, legislation and custom are *687 primary sources of law, in contrast to the secondary sources of lawjurisprudence, doctrine, conventional usages and equity which may guide courts in reaching a decision in the absence of legislation and custom. LSA-C.C. art. 1, Revision Comments § B. Equity is a norm of order, and not included within the term "law." See Pascal, "The Sources of Civil Order According to the Louisiana Civil Code," 54 Tul.L.Rev. 916 (1980).
Our legislature has not enacted rules of law on the maintenance and contents of employer personnel files on employees. But see LSA-R.S. 44:1 et seq., Public Records; LSA-R.S. 17:1231 et seq., School Employee Personnel Files. However, from long practice and the conviction that the practice has the force of law it is custom and, therefore, law that employers have the right to maintain personnel files on their employees. It is also custom and, therefore, law that employers are entitled to document in an employee's personnel file the occupational conduct/misconduct, reprimands, counseling sessions, violations, complaints, etc., of the employee. For example, see Smith v. Dept. of Health & Human Resources, 408 So.2d 411 (La.App. 1st Cir.1981) [extensive disciplinary history was basis for higher degree of punishment meted out to one employee but not another]; Schlesinger v. Adm'r of Office Employment Sec. Dept. of Labor, 583 So.2d 100 (La.App.3d Cir.1991) [plaintiff's personnel file documented four counseling sessions regarding misconduct]; Johnson v. Whitfield, 521 So.2d 641 (La.App. 1st Cir. 1988). See also Rozas v. Dept. of Health & Human Resources, 522 So.2d 1195 (La. App. 4th Cir.1988), writ den., 523 So.2d 1338 (La.1988); Henderson v. Guillory, 546 So.2d 244 (La.App.2d Cir.1989), writ den., 551 So.2d 635 (La.1989); Kelly v. Whitfield, 546 So.2d 289 (La.App.3d Cir. 1989).
Correlative to its right to maintain personnel files on its employees, is the employer's right to determine the contents and the elimination of the contents of those files. It is custom that it is the employer's purview to decide when to remove stale or unnecessary documentation from employee records. As custom regulates the issue, it is unnecessary for us to contrive secondary law on the subject by resorting to equity.
Doe's petition does not allege that the documents he seeks to have removed from Entergy's employment records are false or defamatory. Rather, it alleges the documents contain "complaints, allegations, alleged facts, and/or reports," the information is not necessary or relevant to his work function, and it could "potentially" cause him damage if discovered by third-parties. On that basis, he demands the sanitization of this information from all Entergy records or documents and, further, seeks to have all documents other than those type of records kept in the regular course of business, i.e., his job application form, his annual performance evaluations, removed from his file. Accepting these allegations as true and applying Louisiana law as derived from custom, we find the face of Doe's petition does not state a cause of action. Thus, the trial court did not err in granting Entergy's exception.
LSA-C.C.P. art. 934 directs that a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. Whitney Nat. Bank v. Jeffers, 573 So.2d 1262 (La.App. 4th Cir.1991); Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981), writ den., 410 So.2d 1135 (La.1982). Amendment, however, is not permitted when it would constitute a vain and useless act. Whitney Nat. Bank v. Jeffers, supra.; Gibbs Construction Co., Inc. v. Board of Sup'rs of L.S.U., 447 So.2d 90 (La.App. 4th Cir.1984). The trial court's ruling did not permit amendment. We do not find the ruling manifestly erroneous on that basis, however, because the right to amend is qualified by the restriction that the objections to the petition must be curable and the decision to allow amendment is within the discretion of the trial court.
Whitney Nat. Bank v. Jeffers, supra. Doe has not alleged additional facts which would constitute a cause of action. Thus, *688 it has not been shown that the trial court abused its discretion.
Doe's second contention is the trial court erred in quashing his motion for production of documents. The trial court did not quash the motion. As previously stated, the trial court found that sustaining the peremptory exception rendered the motion moot. After our review, it remains moot.
For the foregoing reasons, the judgment dismissing Doe's suit at his cost is affirmed.
AFFIRMED.
NOTES
[1] To protect his privacy right, the trial court granted plaintiff's motion to use a fictitious name.
[2] Even though the information is not pertinent to its exception, because the exception must be tried on the face of the pleadings, Entergy defended its personnel file on Doe with the assertion that Doe was counseled for behavior which Entergy found inappropriate in the workplace and it recorded the counseling in his personnel file.