[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND/OR STAY (NO. 148)AND OBJECTION TO MOTION TO DISMISS AND/OR STAY (NO. 155)
The issue in this case is should defendants' motion to dismiss and/or stay the plaintiff's legal malpractice suit be granted on the ground that it is barred by the prior pending CT Page 9258 action doctrine.
The present case is based on a legal malpractice theory, whereas the prior pending action is based on a statutory wrongful discharge claim. It is quite clear that the parties involved, the issues presented and the relief requested in both actions are not virtually identical. Therefore, the prior pending action doctrine is inapplicable to the present case. Accordingly, it is found that the defendants' motion to dismiss should be denied.
Nevertheless, it is found that the determination of damages in the present legal malpractice case is premature. It is clear that the plaintiff cannot recover damages in the legal malpractice case until he proves that he would have prevailed in the underlying suit, which is presently pending. Accordingly, the defendants' motion to stay the present legal malpractice case should be granted.
The present legal malpractice case arises from a lawsuit initiated in federal court by the plaintiff, Frank Fiaschetti, against his former employer, Nash Engineering (Nash). On May 23, 1988, the plaintiff was terminated from his job at Nash, where he had been employed for thirty-seven years. The plaintiff asserts that his demotion and subsequent termination by Nash were in violation of the federal Age Discrimination in Employment Act. The plaintiff further asserts that Nash's conduct constituted a breach of an implied agreement between him and Nash that his employment could be terminated only for just cause.
The plaintiff hired the defendants, Peter Vannucci (Vannucci) and Jones, Damia, Kaufman, Wellman, Borfsky Stelljes (Jones, Damia) to represent him in his claim for damages against Nash arising out of Nash's alleged wrongful demotion and termination of the plaintiff. On February 23, 1989, the defendants filed suit in federal court against Nash on behalf of the plaintiff.
On November 13, 1989, Nash filed a motion for summary judgment in the federal case. Vannucci, the attorney from Jones, Damia who was assigned to the plaintiff's federal case, moved for and was granted three extensions of the deadline for filing documents in opposition to Nash's motion for summary judgment. The court denied Vannucci's fourth request for an extension of time. Vannucci did not file an objection to Nash's motion for summary judgment, and on February 13, 1990, the court granted the CT Page 9259 motion and dismissed the plaintiff's federal case.
On August 10, 1990, Jones, Damia filed a motion for relief from the judgment against the plaintiff on the ground of Vannucci's excusable neglect. On December 14, 1990, the federal court denied the motion for relief from judgment, noting the absence of any showing of excusable neglect.
On February 26, 1991, with the plaintiff's permission, Jones, Damia filed a wrongful termination lawsuit, pursuant to General Statutes § 31-290a et. seq., on behalf of the plaintiff against Nash. This state court action is presently pending at Stamford Superior Court.
Thereafter, on March 28, 1991, the plaintiff filed a three count complaint against the defendants. Counts one and two sound in legal malpractice and allege that the defendants' negligent and reckless conduct in allowing summary judgment to enter in the plaintiff's federal case has caused the plaintiff extreme emotional distress. Count three alleges that the defendants, in receiving attorney's fees prior to the termination of the plaintiff's federal lawsuit, have been unjustly enriched to the detriment of the plaintiff.
On June 6, 1994, the defendants filed a motion to dismiss and/or stay the present legal malpractice case on the ground that a prior pending action exists, involving virtually identical issues. As required by Practice Book § 143, the defendants have filed a memorandum of law in support of the motion to dismiss, and the plaintiff has timely filed a memorandum in opposition.
MOTION TO DISMISS
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "Although a motion to dismiss is the proper vehicle to raise the issue of prior pending action, the doctrine does not truly implicate subject matter jurisdiction." Gaudio v. Gaudio,23 Conn. App. 287, 294, 580 A.2d 1222, cert. denied, 217 Conn. 803,584 A.2d 471 (1990). Nevertheless, the Appellate Court has explicitly approved the use of a motion to dismiss to raise a claim of a prior pending action between the same parties as a ground for abatement. Conti v. Murphy, 23 Conn. App. 174, 177, CT Page 9260579 A.2d 576 (1990).
Under the prior pending action doctrine, "when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education,196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). "When two separate suits are virtually alike, the second is deemed unnecessary, oppressive and vexatious." (Citations omitted.) Gaudio v. Gaudio, supra,23 Conn. App. 295. Nevertheless, the prior pending action doctrine does not serve to bar the second lawsuit when the two actions are for different purposes or ends. Conti v. Murphy, supra,23 Conn. App. 178-79. To determine the applicability of the doctrine, this court "must examine the pleadings to ascertain whether the actions are virtually alike." Halpern v. Board of Education, supra,196 Conn. 653.
It is evident that the plaintiff's allegations against Nash in the civil that is pending in Stamford are not virtually identical to those in the present legal malpractice action. It is further evident that the parties involved, the issues presented and the relief requested are different in both actions. It is clear that the plaintiff's civil action currently pending in Stamford was filed against Nash and is based on Nash's alleged statutory wrongful termination of the plaintiff. Nevertheless, the present action was filed against the defendant attorneys and is based on the tort of legal malpractice. Finally, the relief requested in the Stamford action is a statutory remedy, whereas in the present legal malpractice action the plaintiff is seeking a common law remedy. Therefore, it is found that the actions are not virtually alike. Accordingly, it is found that the defendants' motion to dismiss the present legal malpractice action on the ground that the prior pending action doctrine bars this suit should and is denied.
MOTION TO STAY
In their memorandum of law in support of the motion to dismiss, the defendants also argue that if the court is not inclined to dismiss the present legal malpractice case on the basis of the prior pending action doctrine, then a stay of the present legal malpractice case should be granted pending the outcome of the prior pending statutory wrongful discharge action. The defendants further argue that "at the very least there is a significant and substantial overlap in the issues and damages [in CT Page 9261 the two cases] and the plaintiff should be collaterally estopped from re-litigating these issues and possibly being compensated twice for the same injuries."
In response, the plaintiff argues that since the prior pending action doctrine does not apply, this court should view the legal malpractice case and the wrongful discharge case as two separate and distinct cases, simultaneously pending in different judicial districts. The plaintiff further argues that if the legal malpractice case is stayed, he will suffer prejudice because his action against the defendants will be delayed and could take several years to come to a resolution. Therefore, the plaintiff argues that "it is contrary to principles of justice and equity to stay one of these actions in favor of the resolution of the other."
"To state a claim for legal malpractice [a plaintiff] must [demonstrate] that there was an attorney-client relationship, that the attorney was negligent in his representation of the client and that this negligence caused [the plaintiff] some loss."Evans v. Detwelier [Detweiler], 466 So.2d 800, 802 (La.App. 4th Cir. 1985); see also Heritage Square Associates v. Blum, et al, 7 CSCR 992,993 (August 31/September 7, 1992, Nigro, J.) (in order to prevail in a legal malpractice action, a plaintiff must not only prove a breach of a legal duty, but also damages resulting from that breach). "An attorney is negligent in handling a case if he fails to exercise at least that degree of care, skill and diligence which is exercised by prudent practicing attorneys in his locality." (Citations omitted; internal quotation marks omitted.)Evans v. Detwelier [Detweiler], supra, 466 So.2d 802. Additionally, an attorney is negligent if he accepts employment and fails to assert a claim for recovery. Jenkins v. St. Paul and Marine Ins. Co.,422 So.2d 1109 (1982).
The allegations in the complaint and the defendants' memorandum of law in support of their motion to dismiss and/or stay the present case disclose that the parties were in an attorney-client relationship when the federal action was filed by the defendants on behalf of the plaintiff. Furthermore, it is undisputed that Vannucci failed to file opposing documents on behalf of the plaintiff in response to Nash's motion for summary judgment in the federal court case and allowed judgment to enter against the plaintiff. Although Vannucci may have caused the plaintiff to lose his federal remedy, the existence of an alternative state remedy, the statutory wrongful discharge claim CT Page 9262 now pending in Stamford Superior Court, precludes the present action for legal malpractice. See Heritage Square Associates v.Blum, supra, 7 CSCR 993. "A cause of action at law, as opposed to a cause in equity, must be complete before it can be put in suit." Id.
It is clear that the plaintiff is unable to prove the damage element in the present legal malpractice action. It is noted that proof of damages by the plaintiff necessarily implies a showing that, but for the defendants' acts or omissions, he would have prevailed in the federal court case. Moreover, it is likely that the plaintiff's pursuit of an alternative remedy against his former employer for wrongful discharge precludes the present legal malpractice action, as the plaintiff has suffered no present loss. Therefore, it is found that the defendants' motion to stay the present legal malpractice case until the conclusion of the wrongful discharge case should be and is granted.
WILLIAM J. McGRATH, JUDGE