667 So.2d 1107 (1995)
Jo Ann STOVALL
v.
Darryl J. CARIMI and Carimi Law Firm and David I. Warner, III.
No. 95-CA-0766.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
Rehearing Denied February 22, 1996.
*1108 Dorothy F. Waldrup, Derbes & Waldrup, New Orleans, for Plaintiff/Appellant.
L. Scott Joanen, Darryl J. Carimi, Carimi Law Firm, Metairie, Robert E. Leake, Jr., Leake & Andersson, L.L.P., New Orleans, for Defendants/Appellees.
Before BARRY, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
On 12 October 1993, plaintiff, Jo Ann Stovall, sued her former attorney, Darryl J. Carimi, the Carimi Law Firm, and one of the firm's contract attorneys, I. David Warner, III, for damages allegedly sustained as a result of the structured settlement of a personal injury suit filed on Stovall's behalf by Carimi and the Carimi firm and Carimi's sale of his house to Stovall. Stovall claimed the defendants breached their fiduciary duty by overcharging her for costs not allowed by the Rules of Professional Conduct, not contracted for, and not provided for in a written contract. Stovall also charged that Carimi's sale of his house to her at an inflated price constituted legal malpractice and violated Rule 1.8 of the Rules of Professional Conduct.
Warner filed exceptions of insufficiency of service of process, no cause of action and vagueness or ambiguity. Carimi and Carimi Law Firm filed exceptions of insufficiency of service of process, improper venue, lack of personal jurisdiction, improper cumulation of actions and vagueness or ambiguity. Stovall appeals from a judgment of the trial court maintaining Warner's exception of no cause of action and maintaining Carimi's and the Carimi Law Firm's exceptions of improper venue, and transferring the suit against Carimi and the law firm to the Twenty-Fourth Judicial District Court for the Parish of Jefferson where it is now proceeding. We affirm.

STATEMENT OF FACTS
The petition contains no specific allegation against Warner. He is mentioned only in paragraph 4:
Defendant, David I. Warner, III (sic) is a person of the full age of majority and resident of Orleans Parish.
Stovall makes several general allegations against "defendants." In paragraph 7, the petition alleges:
Defendants took their fee entirely up front and did not provide plaintiff the opportunity, nor choice to elect a method of payment.
In paragraph 8, the petition alleges:
At the time of the settlement Defendants charged plaintiff costs which legally could not be charged to plaintiff, without a written contract provision, specifically copying costs of $1,265.67; legal research $4,220.62 and interest $34,191.95, which charges were not specified in the contract of employment.
In paragraph 11, the petition alleges:

*1109 Defendants committed malpractice by breaching their fiduciary duty to plaintiff by overcharging her for costs not allowed by their rules of professional conduct nor contracted for and by failing to have a written contract providing for the payment of all fees up front where the client was receiving a structured settlement as well as up front payments, and by failure to provide by written contract whether the costs were to be deducted before or after the contingent fee was calculated, all in violation of the rules of professional conduct and the laws of Louisiana.
In paragraph 14, Stovall claims defendants are "individually and solidarily liable to plaintiff."
The allegations concerning Stovall's purchase of Carimi's house relate specifically to Carimi, individually.
In support of their exceptions of improper venue, Carimi and Carimi Law Firm produced the affidavits of Darryl J. Carimi, and I. David Warner, III. Carimi deposed:
1. On 25 November 1992, he changed his domicile to St. Tammany Parish, and recorded a formal change of domicile in the Orleans Parish Conveyance Office on 5 April 1993.
2. The Carimi Law Firm is domiciled in Jefferson Parish, and Carimi is its designated agent for service of process.
3. Warner was at all material times neither a partner nor shareholder in the Carimi Firm.
4. Warner had no interest in the attorney's fee generated in Stovall's personal injury suit, nor in the expenses of that suit, and played no part in the events described in Stovall's malpractice petition.
5. Warner never had any interest in Carimi's residence or in the proceeds of its sale.
6. The act of sale of Carimi's house took place in Jefferson Parish.
7. Although Stovall's personal injury suit was filed in Orleans Parish, all transactions concerning the disputed fees were conducted in the Carimi Firm law offices in Jefferson Parish, from which the settlement funds were disbursed.
8. At no time during the prosecution of Stovall's personal injury case did Carimi or Carimi Law Firm maintain an office in Orleans Parish. All legal representation was handled from Carimi's Jefferson Parish office.
Warner deposed that:
1. During the prosecution of Stovall's personal injury claim, Warner was employed as a contract attorney by Carimi Law Firm. He was not an attorney of record for plaintiff, was not a party to the contract of employment, had no interest in the fee or expenses charged in that case, and played no part in its settlement or disposition of settlement funds.
2. Warner had no interest in Carimi's house, played no part in the sales transaction and has no interest in the sale proceeds.
3. The reference in paragraph 13 of the petition to a lawsuit brought by Carimi and the Carimi Law Firm refers to a suit in which Warner was not involved.
4. Warner has no interest in the subject of the instant litigation and affirms that there is no factual basis for his being joined as a defendant.
In opposition, Stovall filed the deposition of James C. Klick, formerly employed as a contract attorney by the Carimi Law Firm. He described that employment as a fee sharing arrangement with Darryl Carimi whereby Klick worked on certain cases, received an advance and a percentage at the end of the year based upon settlements and total monies he brought in on cases that he worked. The arrangement was governed by a written agreement which Klick said was orally modified in "many cases." Klick worked for the Carimi firm from October, 1983 until 1 May 1992. Subsequently, he and the Carimi firm were involved in litigation concerning fee-splitting of several cases, including Stovall's personal injury suit. That litigation has been settled.
Klick testified that Stovall was a Carimi Firm client in 1983. Terry Bell was originally assigned to work on Stovall's personal injury case and continued until late 1984 or early 1985 when he left the firm. Klick *1110 handled the case from Bell's departure until his own termination in 1992. Bell did some initial investigation on the case, brought suit against several defendants, took photographs and videotapes of plaintiff and may have taken some depositions.
When Klick took over the file, he investigated other potential defendants and investigated the products liability claim against Nissan Motor Company. He continued to work on discovery, and began to focus the case on the products liability claim. Ultimately, Nissan paid the settlement.
During Klick's preparation of the case, Carimi and another firm attorney, Brad Holbrook did minimal work on the case.
After the case was tried and was on appeal, Klick had several discussions with Warner about the case, and Warner suggested addition of one manifest error case to the appeal brief. Warner was also involved "to some extent" in the settlement discussions within the office. Klick testified that he was sure Warner reviewed some of the appeal briefs. When asked if Warner received compensation for his work on the Stovall case, Klick replied, "Not to my knowledge."
Klick explained the nature of the structured settlement to Stovall after the trial.
Stovall also submitted her own affidavit of 9 November 1992, in which she said:
1. She employed Carimi as her attorney in the personal injury suit, and never had a written contract with any attorney other than Carimi and Carimi Law Firm. At all times she considered Carimi as her attorney, and discussed her case, strategy and any ultimate decisions with Carimi.
2. During the course of her case she recalls personally working with Bell, Klick, Holbrook and Warner, and other attorneys whose names she cannot recall.
3. Any legal fees owed on her case were to be paid only to Carimi and/or Carimi law firm.
4. Any other attorneys who worked on her case were employees of Carimi Law Firm and were paid by the firm.
5. To the best of her knowledge, all expenses of the litigation, loans for her medical care and loans for critical living expenses, totalling more than $150,000, were made to her by Carimi Law Firm and/or Carimi.

WARNER'S EXCEPTION OF NO CAUSE OF ACTION
Defendants contend that Warner was named as a defendant in order to provide a basis for venue in Orleans Parish. The only specific allegation of the petition addressed to Warner alleges only that he is a defendant, is of the age of majority and resides in Orleans Parish.
Louisiana recognizes fact pleading. See, Comment (a) to La.C.C.P. art. 854. The petition must contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. La.C.C.P. art. 891.
On the trial of the peremptory exception of no cause of action, no evidence may be introduced at any time to support or controvert the exception. La.C.C.P. art. 931. The court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The cause of action, as used in the peremptory exception, means the operative facts which give rise to the plaintiff's right judicially to assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d at 1238. In developing this definition, the Supreme Court relied on Hope v. Madison, 192 La. 593, 188 So. 711, 715 (1939):
A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; "the existence of those facts which give a party a right to judicial interference in his behalf"; "the situation or state of facts which entitles a party to sustain an action."
"When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has *1111 arisen, coupled with the facts which constitute the latter's wrong." Quotations from 2 Words and Phrases, First Series, Cause of Action, p. 1017. (Emphasis in original). Everything on Wheels Subaru, Inc., 616 So.2d at 1242, n. 4.
Our review of the petition discovers no factual allegations against Warner that would support the finding of a duty owed by him to Stovall or a breach of that duty. The conclusory language of the petition referring to "defendants" is insufficient to state a cause of action. The petition does not set forth any fact from which we might infer the existence of an attorney-client relationship between Stovall and Warner, negligent representation by Warner, or loss caused by that negligence. See, Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985).
Where a plaintiff may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action, she should be afforded an opportunity to amend the petition. La.C.C.P. art. 934; Evans v. Detweiler, 466 So.2d at 803. Amendment, however, is not permitted when it would constitute a vain and useless act. Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4th Cir.1992), writ denied 613 So.2d 978 (La.1993), certiorari denied ___ U.S. ___, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993). The trial court's action dismissing the suit against Warner without granting Stovall leave to amend will not be disturbed absent a showing of manifest error or abuse of discretion. Id.; Gates v. Hanover Insurance Co., 218 So.2d 648, 652-53 (La.App. 4th Cir.1969). We find no abuse of discretion and no error and affirm the trial court's judgment granting Warner's exception of no cause of action.

CARIMI AND CARIMI LAW FIRM'S EXCEPTION OF IMPROPER VENUE
Stovall contends that venue is proper in Orleans Parish on two grounds:
1. Warner is an Orleans resident, and thus venue proper as to one solidary defendant is proper as to all. La.C.C.P. art. 73. In light of our affirmance of the trial court's judgment maintaining Warner's exception of no cause of action, this contention has no merit.
2. Stovall's tort action may be brought in the parish where the wrongful conduct occurred or where the damages were sustained. La.C.C.P. art. 74.
The evidence attached to the memoranda in support of and in opposition to Carimi and the Carimi Law Firm's exceptions, which forms a part of the trial court record, does not show that any act complained of occurred in Orleans Parish. Stovall was advised by her attorneys in Jefferson Parish; the contingency contract was executed in Jefferson Parish; the structured settlement agreement was confected in Jefferson Parish; Stovall executed the affidavit detailing the firm's representation, settlement and fee in Jefferson Parish; the settlement funds were disbursed in Jefferson Parish; the act of sale transferring Carimi's house to Stovall was executed in Jefferson Parish.
Based on the evidence of record, we find no manifest error in the trial court's determination that it was an improper venue for this case. Indeed, the evidence is overwhelming that Stovall's action against Carimi and his firm arose in Jefferson Parish.
Stovall seeks to establish venue in Orleans Parish claiming that her injuries were sustained there. As to the malpractice claim, the issue is well settled. In Chambers v. LeBlanc, 598 So.2d 337, 337-38 (La.1992), plaintiff brought a legal malpractice action in his domicile, Livingston Parish, against an attorney domiciled in Iberville Parish practicing law in Ascension Parish, arising out of a failure to timely file a lawsuit in East Baton Rouge Parish. The Supreme Court held:
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of plaintiff's domicile.... Here, the wrongful conduct occurred either in Ascension Parish or East Baton Rouge Parish, but clearly *1112 not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.
There is no allegation that tortious conduct occurred in the course of Stovall's personal injury suit in Orleans Parish. The evidence shows that Stovall recovered over three million dollars on her personal injury claim. Stovall's malpractice claim arises from alleged overcharges of expenses and from the structure of the settlement, all of which took place in Jefferson Parish. Under the Chambers rationale, the trial court properly rejected Article 74 as a basis for venue in the malpractice suit.
Stovall claims that Carimi breached his duty of care as her attorney in allegedly advising her not to obtain an appraisal of his house prior to purchase. This claim, she contends, is properly brought in Orleans Parish, where the agreement to purchase and sell was executed and where the property is located. La.C.C.P. art. 80 provides for venue where immovable property is located only in certain circumstances: an action to assert an interest in or a right in, to or against immovable property (subject to exceptions), an action to partition immovable property (subject to exceptions) and an action for breach of lease of immovable property, seeking enforcement of lessor's privilege or payment of rent.
In the instant case, all the actions of which Stovall complains occurred in Jefferson Parish. The advice upon which she allegedly relied was given there and the act of sale was executed there. The fact that the property sold was located in New Orleans does not form a basis for venue in Orleans Parish under La.C.C.P. art. 80.

CONCLUSION AND DECREE
We find the trial court's judgment maintaining I. David Warner, III's exception of no cause of action, and maintaining Darryl J. Carimi and Carimi Law Firm's exception of improper venue to be supported by the record on appeal. We find the trial court did not abuse its discretion in not allowing Jo Ann Stovall leave to amend her petition against I. David Warner, III. The judgment of the trial court is therefore affirmed.
AFFIRMED.