| )BARRY, Judge.
Patricia and Joseph Tolis appeal a judgment which maintains an exception of no cause of action as to claims in a legal malpractice action against James Shields and his insurer, Home Insurance Company.
Arthur and Julie Tolis, parents of Patricia and Joseph, were represented by James Shields from 1989 to 1994 in a matter arising from Arthur Tolis’ termination as head basketball coach at the University of New Orleans.[1] Subsequently, Mr. and Mrs. Tolis and their children, Patricia and Joseph (majors at the time of filing), filed suit in state court against Mr. Shields alleging legal malpractice.
The petition alleged various acts of malpractice by Mr. Shields: failure to oppose the defendants’ motion for summary judgment in federal court and to inform Mr. and Mrs. Tolis that their suit was dismissed pursuant to the motion; |2failure to inform that their state court action was dismissed as res judi-cata because of the federal dismissal; filing a motion to withdraw and withdrawing funds from the registry of the court without their consent; and making other representations which constitute malpractice. The petition alleged that Mr. and Mrs. Tolis suffered damages including, but not limited to, economic loss (including loss of wages), mental, emotional, and physical pain and suffering, humiliation, change of lifestyle, and costs incurred because of the withdrawal of funds.
Mr. Shields filed exceptions of no cause of action, no right of action, and vagueness as to Patricia and Joseph’s claims. The Tolises filed a first supplemental and amending petition which claimed that Mr. Shields’ actions constituted “negligent acts, pursuant to La. Civil Code Article 2315” as well as legal malpractice. The supplemental petition added a claim for loss of consortium, services, and society. It claimed that Patricia and Joseph Tolis (with Arthur and Julie Tolis) suffered all of the damages listed above. The petition also claimed that Patricia and Joseph Tolis were damaged by lack of sup *525 port plus mental and emotional trauma to their parents.[2]
After filing the supplemental petition, the trial court maintained Mr. Shields’ exception of no cause of action as to the children’s claim and allowed Patricia and Joseph Tolis ten days to amend. No other petition was filed. Mr. Shields then filed the same exceptions. The trial court by a handwritten notation on the exceptions dismissed the no right of action and vagueness, but maintained no cause of action. No judgment was signed prior to filing and granting Patricia and Joseph Tolis’ motion and order for appeal. Subsequently, the trial court signed a | ¿judgment. In the interest of judicial economy, we will consider the merits of the appeal.
An exception of no cause of action tests the legal sufficiency of the petition and the court must determine whether the law affords a remedy for the particular harm alleged. Durand v. McGaw, 93-2077 (La.App. 4 Cir. 3/29/94), 635 So.2d 409, writ denied 94-1081 (La.6/17/94), 640 So.2d 1318. Well-pleaded facts are accepted as true and the court must decide whether on the face of the petition the plaintiff is entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Stovall v. Carimi, 95-0766 (La.App. 4 Cir. 11/30/95), 667 So.2d 1107, writ denied 96-0748 (La.5/3/96), 672 So.2d 692.
To prove legal malpractice a plaintiff must show: there was an attorney-client relationship; the attorney was negligent; and negligence caused the plaintiff some loss. Beis v. Bowers, 94-0178 (La.App. 4 Cir. 1/19/95), 649 So.2d 1094, writ denied 95-0429 (La.3/30/95), 651 So.2d 847; Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985). Patricia and Joseph Tolis did not state a cause of action based on legal malpractice because they did not allege an attorney-client relationship with Mr. Shields.
Under La.C.C. 2315 damages for loss of consortium, service, and society are recoverable by the same respective categories of persons who have a cause of action for wrongful death of the person damaged by the fault of another. La.C.C. art. 2315.2 provides that the surviving spouse and/or children of the deceased may file a wrongful death action. The elements of loss of consortium include loss of service, loss of love and affection, loss of society and companionship, and loss of support. Doe v. Roman Catholic Church for the Archdiocese of New Orleans, 615 So.2d 410 (La.App. 4th Cir.1993), writ denied 618 So.2d 412 and 413 (La.1993).
“[A] loss of consortium claim is a derivative claim of the primary victim’s injuries .... The derivative claim does not come into existence until someone else is injured.” Crabtree v. State Farm Insurance Co., 632 So.2d 736, 740 (La.1994), quoting Shepard v. State Farm Mutual Automobile Insurance Co., 545 So.2d 624, 629 (La.App. 4th Cir. 1989), writ denied 550 So.2d 627, 628 (La.1989). Loss of consortium, services, and society are elements of damages that occur to the relation of a party who suffers injury under La.C.C. art. 2315. “It is due to family members of the injured party, not to the injured party, who has his/her own other elements of damages that are recoverable.” Yoes v. Shell Oil Company, 95-12 (La.App. 5 Cir. 5/10/95), 657 So.2d 241, writ denied 95-2087 (La.11/17/95), 663 So.2d 714. Patricia and Joseph Tolis, who alleged a cause of action against Mr. Shields for legal malpractice and negligence as primary victims, failed to state a cause of action for loss of consortium. See Crabtree,632 So.2d at 736; Yoes, 657 So.2d at 241.
The judgment maintaining the no cause of action exception as to the claims of Patricia and Joseph Tolis is affirmed.

AFFIRMED.

. A recitation of facts and procedural history can be found in Tolis v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 94-1444 (La.App. 4 Cir. 5/16/95), 655 So.2d 747, rev’d 95-1529 (La.10/16/95), 660 So.2d 1206.

. According to the petition Patricia was bom April 19, 1975 and Joseph was bom July 5, 1975. The petition states that the children were majors at the time the petition was filed.