liPLOTKIN, Judge,
dissenting with written reasons:
Because the majority decision improperly decides this case on the merits despite the fact that the case comes before this court on an exception of no cause of action, I respectfully dissent. I would reverse the trial court judgment and remand the case for further proceedings.
The majority’s statements of the facts of the case is correct. However, the only issue before this court is whether the trial court correctly granted an exception of no cause of action. A peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). See also Doe v. Entergy Services, Inc., 608 So.2d 684, 686 (La.App. 4th Cir.1992), writ denied, 613 So.2d 978(La.), cert. denied, 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993). The exception is triable on the face of the pleadings and attached documents. See Darville v. Texaco, Inc., 447 So.2d 473, 474-75 (La.1984); Doe, 608 So.2d at 686. Under the relevant jurisprudence, when a court considers a peremptory exception of no cause of action, it must confine its analysis to the four corners of the petition and the documents attached thereto and made a part thereof. Cahill v. Schultz, 521 So.2d 442 (La.App. 4th Cir. 1988). Facts may not be disputed in the trial of the exception. Vanguard Homes, Inc. v. Home Builders Association, 219 So.2d 567 (La.App. 4th Cir.1969).
hThus, no evidence may be introduced to support or controvert a peremptory exception of no cause of action. Everything on Wheels Subaru, Inc., 616 So.2d at 1235. The court must simply review the petition, accepting all well-pleaded facts as true. Id. The only issue to be decided is whether, considering only the face of the petition, the plaintiff is legally entitled to the relief sought. Id. In other words, the court determines whether the law affords any relief to the plaintiff if he proves the facts as alleged in the petition at trial. Doe, 608 So.2d at 686.
*1029 Despite the rule against considering any evidence when deciding an exception of no cause of action, the majority considers evidence which is not only not a part of the petition, but is outside the four corners of the will at issue to determine the validity of the will. Any consideration of evidence outside the petition is improper on an exception of no cause of action. The majority’s approach in this case is absolutely unprecedented and violates decades of Louisiana jurisprudence.
The majority seeks to avoid the problem by simply noting that the parties failed to assign the fact that the case was decided on an exception of no cause of action as error or briefed. However, the fact that the parties improperly argued the merits of the case does not change the fact that the only thing before the trial court, and thus before this court is the propriety of the exception of no cause of action. The trial court improperly considered extrinsic evidence in deciding the exception. This court compounds that error by considering the same extrinsic evidence. To make matters worse, this court develops a brand new rule on a res nova issue, deciding for the first time that extrinsic evidence is admissible to prove the date of a will.
13When only the petition filed by the plaintiff in this case is considered, it is obvious that the exception of no cause of action has no merit because the plaintiff has stated a cause of action within the four corners of his petition. As the majority itself notes, the plaintiffs “Petition to Annul Probated Testament,” alleges that the decedent’s last will and testament is null and void for failure to meet the requirements of LSA-R.S. 9:2442 because it was dated December 12,1996, and the decedent died on February 1, 1996, ten months prior to the date on the will. Within the four corners of the document, the petition states a cause of action; if the plaintiff could prove at trial that the facts alleged in the petition are true,» he would have been entitled to relief. Since that is the only proper inquiry on an exception of no cause of action, the exception should have been denied. The evidence considered by the trial court and the majority would have perhaps been sufficient for dismissal of the action on a motion for summary judgment, but no such motion has been filed. Under the circumstances, the trial court judgment should be reversed, and the case should be remanded.

ON APPLICATION FOR REHEARING

On application for rehearing, appellant contends that the trial court erred in accepting evidence on defendant’s exception of no cause of action in contravention of La. C.C.P. art. 931. However, a review of the record indicates that the exception of no cause of action was not the only matter before the trial court.
A Petition to Annul Probated Testament was filed into these succession proceedings and a rule to show cause was set by petitioner. On October 25, 1996, this matter was tried in the trial court as a summary proceeding as authorized by La. C.C.P. art. 2931. Thus, as stated in our original opinion, the defendant’s submission of evidence was proper to meet its burden of proof on the petition. Although the hearing on the defendant’s exception of no cause of action was set for the same date as the hearing on the merits of this matter and the trial court maintained the exception, the record shows that the trial court also ruled on the merits of petitioner’s claims on this date. Thus-, a ruling on defendant’s exception was unnecessary as the trial court dismissed appellant’s petition on the merits following a hearing, and the trial court’s maintaining of the the exception in its judgment was therefore superfluous.
Appellant also contends that the majority opinion is in error by stating that the petition in this case does not suggest fraud or undue influence. While we recognize that appellant’s petition included a paragraph in which petitioner “reserves his right to bring an action for undue influence in. connection with the particular bequests made,” the petition fails to assert any specific allegations relating to fraud or undue influence. Petitioner is required to bring all his allegations of grounds on which to annul the probate of the testament in his petition! ' La.C.C.P. art. 425(A). There is no authority in the Code of Civil Procedure which permits a petitioner to “reserve his right” to assert these allegations at a later time.
*1030 Accordingly, for the reasons stated herein, I would deny the application for rehearing.