ECHE HARDY, Judge.
This a medical malpractice action arising out of injuries to and death of an infant. The issue on appeal is whether the lawsuit was premature; To determine that, we must decide whether an order granting an extension of a medical review panel can be effective when the motion for extension was filed after the previous extension had expired.
On March 3, 1998 Helen LeBlanc filed suit against Medical Center of Baton *577 Rouge, Inc. d/b/a Columbia Lakeside Hospital (erroneously named “Lakeside Hospital” in the petition) and various medical personnel for injuries to and death of her son, Taylor Prather. LeBlanc alleged that Taylor had been treated by defendants on May 5, 1995 following his premature birth in April 1995, that the treatment was negligent, and that Taylor suffered disabling injuries which ultimately resulted his death on June 13, 1997.
Defendants filed an exception of prematurity, on the ground the lawsuit was premature because the claim had not been submitted to a medical review panel. Specifically, defendants asserted that the medical review panel had been appointed, but had not yet reached a decision when plaintiff filed suit. The trial court granted the exception of prematurity. Plaintiff appeals.
| ¡¡The Medical Malpractice Act requires that medical malpractice claims against covered health care providers be submitted to a medical review panel before suit can be filed. La. R.S. 40:1299.47(A)(1), 40:1299.47(B)(l)(a)(i). The running of prescription is suspended during the medical review process, but recommences ninety days after the claimant is notified by certified mail of issuance of the medical review panel’s opinion. La. R.S. 40:1299.47(A)(2)(a), 40:1299.47(B)(S).
If the review panel fails to render an opinion within twelve months or any court-ordered extension of that period, the claimant may institute suit. La. R.S. 40:1299.47(B) (1) (b). “After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.” (Emphasis added.) La. R.S. 40:1299.47(B)(l)(b).
The record reflects that plaintiff sought review of her medical malpractice complaint on May 3, 1996. According to the parties, the chairman of the medical review panel was selected on July 3, 1996.[1] The medical review panel was formed on September 9, 1996. On June 9, 1997 one defendant obtained an order extending the life of the panel to January 3,1998.
No decision was rendered by January 3, 1998, however. On January 20, 1998, another defendant obtained an order which directed that the medical review panel “be extended nunc pro tunc ... until July 3, 1998.” Plaintiff filed this lawsuit on March 3, 1998. According to the parties, the medical review panel rendered a decision on March 24,1998.
|4In support of the exception of prematurity, defendants contended the panel was operating validly under an extension of time granted by the district court. Plaintiff opposed the exception of prematurity on the ground that the life of the medical review panel had terminated by operation of law when the prior extension of the medical review panel expired.
The trial judge granted the exception because she had granted the last motion for extension nunc pro tunc, even though it was filed after the expiration of the prior extension.
On appeal plaintiff argues the medical review panel was dissolved by operation of law when no timely order granting another extension had been filed by January 3, 1998, the expiration date of the previous extension. The defendants respond that plaintiff failed either to object to the extension or to seek timely review and, therefore, is precluded from raising the issue on appeal. Alternatively, defen *578 dants assert that the Act’s use of the language “any court-ordered extension” means there is no restriction as to when an extension may be sought.
Although a court can amend a record to correct clerical errors or omissions “to make the record conform to the truth and show what actually occurred,” State v. Rider, 201 La. 733, 10 So.2d 601, 605 (1942), the court cannot supply actions that did not take place. A court thus cannot extend a time period which has already expired, where no application for extension was timely filed. Simply inserting the phrase “nunc pro tunc” in an order cannot substitute for actions which were never taken.[2]
|¡;The review panel automatically dissolves upon the expiration of any court-ordered extension. Grantham v. Dawson, 27,798 (La.App. 2 Cir. 1/24/96) 666 So.2d 1241, 1245, writ denied 96-0487 (La.3/29/96), 670 So.2d 1228 and 96-0459 (La.3/29/96) 670 So.2d 1230. Upon dissolution of the panel, there is no longer a procedural bar preventing the claimant from filing suit in district court; indeed, it is incumbent upon the claimant to take such action to preserve her rights against the defendants because dissolution of the panel after expiration of the court-ordered extension of time affects the suspension of prescription with respect to the defendants. Bankston v. Alexandria Neurosurgical Clinic, 583 So.2d 1148, 1154 (La.App. 3d Cir.1991), writ denied, 589 So.2d 1066 (La.1991).
In the case before us, when January 3, 1998 passed without application for additional extension, the review panel dissolved automatically. The application on January 20, 1998 for an additional extension of the review panel’s existence was too late and was without effect. We conclude the trial court did not have the power to extend the life of the review panel, which had already been dissolved by operation of law.
Accordingly, the judgment granting the exception of prematurity is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed against the appellees.

REVERSED AND REMANDED.

. La. R.S. 40:1299.47(B)(l)(b) provides. that the time period for rendition of the panel opinion is "within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties .... ” Nothing in the record in this case indicates the date of such notification. The parties’ briefs assume the twelve-month period began running on July 3, 1996 and that is the date we use.

. Black’s Law Dictionary (6 th ed.1990) defines "nunc pro tunc” as follows:
Nunc pro tunc. Lat. Now for then. A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done. Nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date; office being not to supply omitted action, but to supply omission in record of action really had but omitted through inadvertence or mistake....
Nunc pro tunc merely describes inherent power of court to make its records speak the truth, i.e., to correct record at later date to reflect what actually occurred at trial. [Citations omitted.]