IpSOL GOTHARD, Judge.
The defendants appeal from the judgment of the trial court dismissing their Motion to Extend the Life of a Medical Review Panel. For the following reasons, we reverse the decision of the trial court.
Plaintiff, Philip Crabtree, filed a medical malpractice claim against the defendants, and a medical review panel was convened for a twelve month period, ending on Sep *526 tember 15, 2000. Thereafter, the trial court signed an Order to Extend the Life of the Medical Review Panel for an additional six months, until March 15, 2001.
On March 12, 2001, defendants filed a second Motion to Extend the Life of the Medical Review Panel; however, the motion was not signed until March 19, 2001. Thereafter, the defendants filed a third Motion to Extend the Life of the Medical Review Panel. This motion was opposed by plaintiff, |gwho alleged that the medical review panel had lapsed by operation of law on March 15, 2001, and that the judgment of March 19, 2001 extending the medical review panel was null.
On September 11, 2001, the trial court rendered judgment in favor of plaintiff, dismissing defendant’s third Motion to Extend the Life of the Medical Review Panel. After the denial of a Motion for New Trial, defendants filed this appeal.
The Medical Malpractice Act requires that medical malpractice claims against covered health care providers must be submitted to a medical review panel before suit can be filed. La. R.S. 40:1299.47. The medical review process suspends the running of prescription, which recommences ninety days after the claimant is notified of the review panel’s opinion by certified mail. La. R.S. 40:1299.4(A)(2)(a).
La. R.S. 40:1299.47B(l)(b) provides that suit may be instituted if any opinion is not rendered by the medical review panel within twelve months. The statute further provides that any party may petition the court for an extension of the twelve month period. And, “After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.”
In this matter, the trial court found that the medical review panel dissolved by operation of law. We find that the trial court erred in this decision. We find that the timely filed Motion to Extend the Life of the RMedical Review Panel, along with the trial court’s granting of that motion, was sufficient to prevent the dissolution of the medical review panel.
Our decision today is not contrary to our opinion in LeBlanc v. Lakeside Hosp., 732 So.2d 576 (La.App. 5 Cir. 3/10/99), 732 So.2d 576. In that case, the motion requesting an additional extension was not filed until after the date of dissolution. Thus, as we noted, the application was too late and was without effect. In this case, application was timely filed. The defendants acted appropriately to preserve their rights, and these rights should not be denied because of events outside of their control.
Accordingly, we reverse the decision of the trial court dismissing defendants’ Motion to Extend the Life of the Medical Review Panel, and remand this matter for further proceedings. Costs are assessed against plaintiff/appellee.
REVERSED AND REMANDED.