LOLLEY, J.
hSidnah Cooley, Cathy Cooley, and Carol Cooley Pettis (collectively, the “Cooleys” or “appellants”) appeal a judgment sustaining an exception of prematurity and dismissing their suit for damages against Gamble Guest Care Corporation (“Gamble Guest Care”), which owned and operated the South Park Guest Care Nursing Home in Shreveport, Louisiana. For the following reasons, the judgment of the trial court is affirmed.
Facts
Sidnah Cooley, the widow of Truman Cooley, and Cathy and Carol, their daughters, filed a petition for damages against Gamble Guest Care in connection with his death. The Cooleys claim that Mr. Cooley began to reside at the South Park Guest Care Nursing Home on August 1,1999 and that shortly after moving into the nursing home he developed severe decubitus ulcers. Mr. Cooley’s condition required that he be admitted to the hospital on two separate occasions and, as the Cooleys allege, ultimately resulted in his death on January 27, 2000.
As a result of these events, Mr. Cooley’s daughters filed a medical malpractice claim against Gamble Guest Care with the Patients’ Compensation Fund. Pursuant to this complaint, a medical review panel was constituted whose term, pursuant to an order signed on May 27, 2004, was set to expire on December 6, 2004. When it became evident that the medical review panel would not be able to render its opinion prior to the expiration of its term, Gamble Guest Care filed a motion to extend the term on December 3, 2004, stating that the Cooleys’ trial counsel had no I ^objection to the extension.[1] On December 8, 2004, the trial court signed an order *1166 extending the life of the panel until March 6, 2005.
On January 6, 2005, the Cooleys filed a petition for damages with the trial court. In it they claimed that the medical review panel expired on December 6, 2004, because no order extending its term had been signed by that date. Gamble Guest Care responded by filing a dilatory exception of prematurity arguing that its filing of the motion to extend the panel’s term prior to the expiration date was sufficient to prevent the dissolution of the panel. The exception was argued on July 5, 2005, after which the trial court took the matter under advisement.[2] On July 15, 2005, the trial court signed a judgment sustaining the exception, and this appeal ensued
Discussion
Louisiana R.S. 40:1299.47 provides for medical panel review in claims against health care providers covered by that part and proscribes the commencement of a suit against a qualified provider until the claim is presented to a medical review panel. Accordingly, the medical review panel proceedings suspend the running of prescription on the claim against qualified health care providers until 90 days after either: (1) the claimant is notified of the review panel’s opinion or dissolution by certified mail; or, |s(2) the expiration of any court-ordered extension of the panel. La. R.S. 40:1299.47(A)(2)(a) and (B)(3).
The initial panel term is 12 months following notification of the parties of the selection of an attorney-chairman. Court-ordered extensions of this initial term are provided for under La. R.S. 40:1299.47 B(l)(b) which allows any party to petition the court for an extension of the 12-month period for good cause shown. However, “[a]fter the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.” La. R.S. 40:1299.47(B)(l)(b).
In granting Gamble Guest Care’s exception of prematurity, the trial court noted that the extension was agreed upon by the parties and the motion to extend the life of the panel was filed before the expiration of the previously granted extension. The Cooleys argue that because the previous extension expired before the signing of a new extension, the panel had already dissolved and the new extension order was of no effect.
This very issue was addressed in Crabtree v. Vockroth, 01-1286 (La.App. 5th Cir.09/30/02), 827 So.2d 525, writ denied, 2002-2835 (La.01/31/03), 836 So.2d 77. In that case, the Fifth Circuit concluded that:
In this matter, the trial court found that the medical review panel dissolved by operation of law. We find that the trial court erred in this decision. We find that the timely filed Motion to Extend the Life of the Medical Review Panel, along with the trial court’s granting of that motion, was sufficient to prevent the dissolution of the medical review panel.
[[Image here]]
|Jn this case, application was timely filed. The defendants acted appropriately to preserve their rights, and these *1167 rights should not be denied because of events outside of their control.
Id. at 525.
Here, the trial court declined to adopt in full the reasoning in Crabtree, supra, but found instead that the timely filing combined with the unopposed nature of the motion warranted giving effect to the extension and, thus, sustaining the exception of prematurity. We find the trial court’s conclusion to be correct without the need to make such a distinction. While the fact that the Cooleys’ attorney initially agreed to the extension may appear to cast their current objection as more dubious, that fact should not be construed as a prerequisite to the validity of a medical review panel extension signed after the expiration of the previously controlling term but requested prior thereto. There are many legitimate reasons why an extension might be sought just before the expiration of a panel’s term and for which an order cannot be obtained until after the expiration date passes. Some are entirely out of the control of the parties and cannot be planned for, such as the illness of panel members. Also, some motions may require a contradictory hearing which due to scheduling issues cannot be docketed before the expiration of a panel’s term.
Whether or not good cause for the extension exists is for the trial court to determine. It should not be subject to review by a subsequent trial court in considering the merits of a dilatory exception of prematurity. For this reason, we find inapposite the Cooleys’ arguments as to whether Gamble Guest Care could have moved for an extension earlier and obtained the order before the expiration. Those objections go to whether the | ^extension being requested was for “good cause” and were implicitly waived when they expressed no opposition to the motion. Accordingly, we agree with the holding in Crabtree, supra, that the timely filing of a motion for the extension of a medical review panel’s term together with the trial court’s granting of that motion is sufficient to prevent the dissolution of the medical review panel.
Conclusion
For the foregoing reasons, the judgment of the trial court sustaining Gamble Guest Care Corporation’s exception of prematurity is hereby affirmed. Costs of this appeal are to be borne by the appellants.
AFFIRMED.

. Both on appeal and at the argument before the trial court, counsel for the Cooleys admitted that she was contacted before the motion for an extension was filed and that she expressed no objection to it.

. According to representations made by counsel at the argument on the exceptions, the medical review panel’s term was subsequently extended to October 6, 2005. According to Gamble Guest Care's brief on appeal, the panel issued its opinion on August 23, 2005, after Gamble’s exception of prematurity was granted and while the present appeal therefrom was pending.