994 So.2d 612 (2008)
Kimberly and Todd THIBODEAUX, Individually and on Behalf of their Minor Child, Gabrielle Thibodeaux
v.
James DONNELL, M.D.
No. 2007 CA 1845.
Court of Appeal of Louisiana, First Circuit.
September 12, 2008.
*613 Ralph E. Kraft, F. Douglas Gatz, Jr. Bryan E. Lege, Kraft Gatz Lane Benjamin LLC, Lafayette, LA, and Paul M. Sterbcow, New Orleans, LA, for Plaintiffs-Appellants Kimberly and Todd Thibodeaux, individually and on behalf of their minor child, Gabrielle Thibodeaux.
Carl T. Conrad, Blue Williams, L.L.P., Mandeville, LA, and Norval J. Rhodes, Houma, LA, for Defendant-Appellee James Donnell, M.D.
Before CARTER, C.J., PARRO, KUHN, DOWNING, and WELCH, JJ.
PARRO, J.
Plaintiffs appeal a trial court judgment sustaining the defendant's peremptory exception raising the objection of prescription and dismissing their medical malpractice claims. We reverse and remand.

*614 FACTUAL AND PROCEDURAL BACKGROUND
On October 26, 2006, Kimberly and Todd Thibodeaux, individually and on behalf of their minor child, Gabrielle Thibodeaux, filed suit for medical malpractice against James Donnell, M.D., a physician licensed to practice and practicing obstetrics and gynecology. According to the petition, Dr. Donnell was Mrs. Thibodeaux's treating ob/gyn when she became pregnant in 2003. On October 31, 2003, Mrs. Thibodeaux was diagnosed with complete placenta previa, and shortly thereafter, she was admitted to Terrebonne General Hospital for vaginal bleeding secondary to the placenta previa. After her release from the hospital, Dr. Donnell referred her to a high-risk pregnancy specialist for these complications. Mrs. Thibodeaux was re-admitted to the hospital with renewed vaginal bleeding and contractions on November 19, 2003. Later that day, Dr. Donnell performed a low transverse Caesarean section, delivering a 2 pound, 9.7 ounce baby girl.[1]
The petition further alleges that in addition to the Caesarean section, Dr. Donnell performed a total abdominal hysterectomy, during which he crushed the trigone area of Mrs. Thibodeaux's bladder, caused an eight-inch laceration in the bladder itself, and improperly placed an angle stitch through the bladder. Although Dr. Donnell repaired the laceration and removed the angle stitch during the hysterectomy, Mrs. Thibodeaux allegedly suffered "immediate post-operative" complications as a result of Dr. Donnell's actions, and a urologist was required to perform additional surgery on November 20, 2003.
In the petition, Mrs. Thibodeaux alleges that as a result of Dr. Donnell's negligence, she was required to undergo unnecessary and avoidable surgeries. She further alleges that she endured physical and mental pain and suffering, as well as various urinary and bladder difficulties. Her husband and her daughter also joined in the suit, seeking damages for loss of consortium and for loss of nurture and guidance, respectively.
Dr. Donnell answered the petition and filed a peremptory exception raising the objection of prescription. After a hearing, the trial court sustained the exception and dismissed the plaintiffs' suit. Plaintiffs have appealed.

PRESCRIPTION
Louisiana Revised Statute 9:5628 governs the prescriptive and peremptive periods applicable to medical malpractice actions. Subsection A of the statute provides, in pertinent part:
No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. . . .
Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the plaintiffs' petition shows on its face that the prescriptive period has run, and the plaintiffs are contending there is a suspension or interruption of prescription, the burden is on the plaintiffs to prove *615 suspension or interruption.[2]St. Romain v. Luker, 00-1366 (La.App. 1st Cir.11/9/01), 804 So.2d 85, 88, writ denied, 02-0336 (La.4/19/02), 813 So.2d 1083.
The date of the alleged malpractice in this matter is November 20, 2003; however, the plaintiffs did not file their petition until October 26, 2006. Therefore, on the face of the petition, the cause of action appears to be prescribed. Nonetheless, no action against a covered health care provider may be commenced in any court before the claimants' proposed claim has been presented to a medical review panel. LSA-R.S. 40:1299.47(B)(1)(a)(i). Although the petition does not mention that a medical review panel was requested, Dr. Donnell acknowledges in his exception that the request for a medical review panel was filed on November 4, 2004,[3] which was within the one-year prescriptive period established by LSA-R.S. 9:5628(A).[4]
Louisiana Revised Statute 40:1299.47(A)(2)(a) provides, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board[5] that the health care provider is not covered by this Part. (Footnote added.)
Thus, it is clear that the prescriptive period was suspended by the filing of the request for the medical review panel. The burden of proof then shifted back to Dr. Donnell to prove that the period of suspension had ceased and that the claim had prescribed by the time the plaintiffs filed their petition.
When LSA-R.S. 40:1299.47(A)(2)(a) is interpreted in connection with subsections (J) and (L) of the statute, it is clear that suspension of the running of prescription continues until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the panel's opinion.[6] However, these provisions do *616 not address the situation before this court, because no opinion was ever issued by the panel in this matter.
Louisiana Revised Statute 40:1299.47(B)(1)(b) provides, in pertinent part:
[I]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant's complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
Louisiana Revised Statute 40:1299.47(B)(3) further provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease. (Underlining added.)
The parties do not dispute that the filing of a request for a medical review panel suspended the running of prescription. However, the parties differ on whether, under the facts and circumstances of this case, notice of the dissolution of the medical review panel is required to trigger the running of the ninety-day period in order to terminate the suspension of the prescriptive period.

DISCUSSION
In his exception, Dr. Donnell contends that the panel's attorney chairman was appointed on June 16, 2005. The panel apparently never rendered an opinion, and there is no evidence that an extension of the panel's twelve-month term was requested; thus, Dr. Donnell contends that the panel dissolved without the necessity of a court order on June 16, 2006, in accordance with LSA-R.S. 40:1299.47(B)(1)(b). According to Dr. Donnell, this dissolution automatically triggered the running of the ninety-day period, without the necessity of notice.[7]
In support of this argument, Dr. Donnell relies on LeBlanc v. Lakeside Hospital, 98-909 (La.App. 5th Cir.3/10/99), 732 So.2d 576, 578, and Bankston v. Alexandria *617 Neurosurgical Clinic, 583 So.2d 1148, 1154 (La.App. 3rd Cir.), writ denied, 589 So.2d 1066 (La.1991). However, in each of these cases, an extension of the twelve-month period for the rendering of an opinion by the panel had been requested by a party and granted by the court. Thus, those cases clearly fall under the second part of LSA-R.S. 40:1299.47(B)(3), which applies after the expiration of a court-ordered extension and does not require additional notice.[8]
In opposition, the plaintiffs contend that the dissolution of the medical review panel did not automatically trigger the running of the ninety-day period. Instead, the plaintiffs contend that they were entitled to notice of the panel's dissolution prior to the commencement of this ninety-day period, because no extension of the panel's term was requested or granted in this case. Thus, the plaintiffs contend that this matter falls squarely within the first part of LSA-R.S. 40:1299.47(B)(3), which requires notice by the attorney chairman of the dissolution of the panel. According to the plaintiffs, they never received any such notice. Thus, they contend that the ninety-day period never commenced to run, and the prescriptive period for instituting a suit was still suspended at the time they filed their petition. We agree.
The meaning of a law must first be sought in the language employed. If that language is plain, it is the duty of the courts to enforce the law as written. LSA-C.C. art. 9; David v. Our Lady of the Lake Hospital, Inc., 02-2675 (La.7/2/03), 849 So.2d 38, 46. Thus, the interpretation of any statute begins with the language of the statute itself. See LSA-C.C. art. 9; SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294, 302. Words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11. When the wording of a revised statute is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." LSA-R.S. 1:4. Rather, the law must be applied as written, and no further interpretation can be made in search of the intent of the legislature. LSA-C.C. art. 9; Trahan v. Coca Cola Bottling Co. United, Inc., 04-0100 (La.3/2/05), 894 So.2d 1096, 1102. Moreover, a court should give effect to all parts of a statute and should not adopt a construction making any part superfluous or meaningless, if such a result can be avoided. First National Bank of Boston v. Beckwith Machinery Co., 94-2065 (La.2/20/95), 650 So.2d 1148, 1153.
Prescriptive statutes are in derogation of common rights and must be strictly construed against prescription and in favor of the claim. Bustamento v. Tucker, 607 So.2d 532, 537 (La.1992). When presented with two possible constructions, the court should adopt the construction that favors maintaining, as opposed to barring, an action. Unlimited Horizons, L.L.C. v. Parish of East Baton Rouge, 99-0899 (La.App. 1st Cir.5/12/00), 761 So.2d 753, 758.
In interpreting the clear and unambiguous language of LSA-R.S. 40:1299.47(B)(3) in light of these principles, we conclude that by utilizing the disjunctive term "or" between the two described events, i.e. (1) the notification to all parties by certified mail of the dissolution of the medical review panel, or (2) the expiration of any court-ordered extension of the initial twelve-month period for the rendering of *618 an opinion by the panel, the legislature has clearly conveyed its intention that either occurrence will trigger the running of the ninety-day period, after which the suspension of prescription ceases. Grantham v. Dawson, 27,798 (La.App. 2nd Cir.1/24/96), 666 So.2d 1241, 1244-45, writs denied, 96-0487, 96-0459 (La.3/29/96), 670 So.2d 1228 and 1230.[9] Because no extension of the panel's term was requested or granted, this matter clearly falls within the first scenario contemplated by LSA-R.S. 40:1299.47(B)(3), and notice of the panel's dissolution was required before the ninety-day period began to run. To conclude otherwise would render the first portion of LSA-R.S. 40:1299.47(B)(3) superfluous or meaningless.
After a thorough review of the record, we find that Dr. Donnell failed to prove that any notice of the panel's dissolution was sent to the plaintiffs or their attorney pursuant to LSA-R.S. 40:1299.47(B)(3). Thus, the ninety-day period had not commenced to run at the time the plaintiffs filed their petition. Therefore, the plaintiffs' petition was timely filed.[10] Accordingly, the judgment of the trial court must be reversed, and the matter must be remanded to the trial court for further proceedings.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings. Ail costs of appeal are assessed to James Donnell, M.D.
REVERSED AND REMANDED.
KUHN, J., dissents and assigns reasons.
KUHN., J., dissenting.
I must respectfully dissent from the majority opinion for the following reasons. The plaintiffs' claims against Dr. Donnell prescribed, pursuant to LSA-R.S. 9:5628, prior to their filing their lawsuit in the trial court. In their opposition to the defendant's peremptory exception of prescription, the plaintiffs asserted that their claims had not prescribed because, pursuant to LSA-R.S. 9:5628(A), a year had not passed from the date of their discovery of the alleged malpractice prior to their filing their lawsuit in the trial court. The plaintiffs' attempt to prove their claim was timely filed under the theory of contra non valentem, was apparently rejected by the trial court. On appeal, the plaintiffs now argue that their claims have remained viable due to a suspension of the running of prescription resulting from a lack of notice to them of the dissolution of the medical review panel.
Although the plaintiffs filed a request for review of their claims by a medical review panel, thus suspending the time within which their suit was required to be instituted, they failed to timely file their claims in the trial court once the suspension had ceased. The attorney chairman of the medical review panel was appointed *619 on June 16, 2005, and the parties were notified of his appointment on the same date. Thereafter, the panel never rendered an opinion, and none of the parties requested an extension of the panel's twelve-month term. Therefore, in accordance with LSA-R.S. 40:1299.47(B)(1)(b), the panel dissolved on June 16, 2006, without the necessity of a court order, and suspension of the running of prescription ceased. LSA-R.S. 40:1299.47(B)(l)(a) and (b) provide, in pertinent part:
B.(1)(a)(i) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
* * *
(b) However, with respect to an act of malpractice which occurs after September 1, 1983, if an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part . . . . After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant's complaint shall be dissolved without the necessity of obtaining a court order of dissolution. (Emphasis added).
The majority opinion relies upon LSA-R.S. 40:1299.47(B)(3) in holding that the suspension of the running of prescription had not ceased because the attorney chairman had not provided the parties notice by certified mail of the dissolution of the medical review panel. LSA-R.S. 40:1299.47(B)(3) provides that the suspension of the running of prescription shall cease ninety days after notice by the attorney chairman of dissolution of the panel or ninety days after the expiration of any court-ordered extension of the twelve-month term of the panel. It is undisputed that the plaintiffs in this case requested no extensions. The majority opinion concludes this statutory subsection requires that the attorney chairman provide the plaintiffs notice of the dissolution of the panel before the suspension of the running of prescription ceased. However, in the instant case, there was no agreement or any other circumstances requiring that notice of dissolution was to be sent to the parties. Rather, pursuant to LSA-R.S. 40:1299.47(B)(1)(a) and (b), the suspension of the running of prescription ceased upon the dissolution of the panel.
The statutory interpretation of the majority leads to an unlikely conclusion that our legislature intended to provide a notice requirement in favor of plaintiffs who have not sought extensions of the term of the panel, but not in favor of those who have sought extensions, favoring one group over another for no rational reason. Furthermore, the interpretation of the majority does not acknowledge that once the panel is dissolved, there is no longer an identified attorney chairman who can be charged with the responsibility of sending notice of dissolution. By the interpretation of the majority opinion, sections B(1) and B(3) of the statute are inconsistent, creating ambiguity. Pursuant to La. Civ. Code arts. 9 and 10, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Pursuant to La. Civ.Code art. 12, meaning must be sought by examining the text of the law as a whole. When the law is examined as a whole, it is clear that it does not intend that notice of dissolution *620 of the medical review panel is required in all cases. Clearly, the statutory intention is to establish a determinable limit of twelve months, unless extended by the court, to the amount of time the running of prescription is suspended for the purpose of the panel's review of the plaintiffs' claims.
Accordingly, I would affirm the judgment of the trial court sustaining the defendant's peremptory exception raising the objection of prescription and dismissing the plaintiffs' medical malpractice claims.
NOTES
[1] The petition states that this occurred on November 19, 2003; however, Dr. Donnell's objection of prescription indicates that the delivery and subsequent medical procedures actually occurred after midnight and into the early morning hours of November 20, 2003. This discrepancy is not relevant to the analysis.
[2] At the trial of the exception, the plaintiffs attempted to prove that their claim was filed timely under the theory of contra non valentem, contending that they had been unaware of the damages they sustained for several months after the date of the incident. The trial court apparently rejected the argument, and plaintiffs' appellate counsel, who was not involved at the trial level, acknowledges in brief to this court that the claim is without validity.
[3] A judicial confession is a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it. See LSA-C.C. art. 1853. A judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission, i.e., of withdrawing the subject matter of the confession from issue. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918 (La. 11/29/05), 917 So.2d 424, 429.
[4] Moreover, Dr. Donnell also acknowledged in his exception that the parties were notified of the selection of an attorney chairman of the panel on June 16, 2005.
[5] The "board" is actually the Patient's Compensation Fund Oversight Board. See LSA-R.S. 40:1299.41(A)(5).
[6] Subsection (J) of the statute requires the chairman to submit a copy of the panel's report to the board and all parties and attorneys by registered or certified mail within five days after the panel renders its opinion. Subsection (L) of the statute provides, "[w]here the medical review panel issues its opinion required by this Section, the suspension of the running of prescription shall not cease until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the opinion as required by Subsection J of this Section."
[7] Dr. Donnell argues that once the panel was dissolved, the suspension of prescription initiated by the filing of the request for the medical review panel automatically ceased on September 14, 2006, ninety days after the dissolution of the panel by operation of law. Dr. Donnell further asserts that the remaining sixteen days of the plaintiffs' one-year prescriptive period subsequently elapsed on September 30, 2006. Because that date fell on a Saturday, Dr. Donnell contends that the plaintiffs had until Monday, October 2, 2006, to file their suit. According to Dr. Donnell, the cause of action is prescribed because the plaintiffs did not file suit until twenty-four days later.
[8] Neither party has cited, nor is this court aware of, any jurisprudence interpreting the relevant provisions in a situation such as the one before this court where no extension has been requested or granted.
[9] In Grantham, the second circuit ultimately determined that, under the circumstances of the case, no notice was required, because an extension of the panel's term had been requested and granted. Nevertheless, the second circuit's analysis of the statutory provision clearly acknowledges the disjunctive nature of LSA-R.S. 40:1299.47(B)(3), as well as the alternative scenarios contemplated by the statute.
[10] Although the time within which a suit must be instituted was still under suspension, LSA-R.S. 40:1299.47(B)(1)(b) provides that a suit "may" be instituted against a health care provider if an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman and no court-ordered extension of the twelve-month period has been granted.