9 So.3d 120 (2009)
Kimberly and Todd THIBODEAUX, Individually and on behalf of their Minor Child, Gabrielle Thibodeaux
v.
James DONNELL, M.D.
No. 2008-C-2436.
Supreme Court of Louisiana.
May 5, 2009.
Rehearing Denied May 29, 2009.
*121 Blue Williams, Carl Theodore Conrad, Mandeville, Norval J. Rhodes, for applicant.
Kraft Gatz Lane Benjamin, Ralph Edward Kraft, Frederick Douglas Gatz, Jr., Bryan Edward Lege, Lewis Kullman, Sterbcow & Abramson, Paul M. Sterbcow, New Orleans, for respondent.
Amy Waters Phillips, Baton Rouge, and Marc W. Judice, Lafayette, for amicus curiae, Louisiana State Medical Society.
David Alva Woodridge, Jr., amicus curiae, for Louisiana Patient's Comp. Fund Oversight Bd.
JOHNSON, Justice.
We granted this writ application to determine whether the court of appeal correctly interpreted La. R.S. 40:1299.47(B)(3) *122 to require that notice of a medical review panel's dissolution be sent to the claimant or his attorney in order to trigger the running of the ninety-day period terminating the suspension of the prescriptive period, where the medical review panel has not rendered a decision, and no court-ordered extension of time was obtained. For the following reasons, we affirm the decision of the court of appeal.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Kimberly Thibodeaux, presented to defendant, Dr. James Donnell, as a pregnancy patient in 2003. In October of 2003, Mrs. Thibodeaux was diagnosed with complete placenta previa.[1] Mrs. Thibodeaux was admitted to Terrebonne General Hospital on November 13, 2003, for treatment for vaginal bleeding secondary to the placenta previa, and she remained hospitalized until November 17, 2003. Mrs. Thibodeaux was readmitted to Terrebonne General Hospital with renewed vaginal bleeding and contractions on November 19, 2003.
On November 20, 2003, Dr. Donnell performed a cesarian section and hysterectomy on Mrs. Thibodeaux. While the baby was successfully delivered, Plaintiffs alleged that Dr. Donnell negligently lacerated Mrs. Thibodeaux's bladder during the hysterectomy, which resulted in residual urologic problems and additional urologic surgery.
Plaintiffs (Kimberly Thibodeaux and her husband, Todd Thibodeaux, individually, and on behalf of their child, Gabrielle Thibodeaux) filed a Request for Medical Review Panel on November 4, 2004. On June 16, 2005, the Patient's Compensation Fund ("PCF") sent notification to the parties that an attorney chairman had been appointed. The medical review panel did not meet, nor did it issue an opinion in this matter. Neither party moved for an extension of the medical review panel.
Plaintiffs filed a medical malpractice suit in the district court on October 26, 2006. Dr. Donnell filed an exception of prescription. After a hearing, the trial court sustained the exception and dismissed the plaintiffs' suit. A five-judge panel of the court of appeal reversed, finding that notice of the dissolution of the medical review panel was required to trigger the running of the 90-day period after which suspension of the one-year prescriptive period as a result of the request for panel would terminate. Thibodeaux v. Donnell, XXXX-XXXX (La.App. 1 Cir. 9/12/08), 994 So.2d 612.[2] Dr. Donnell filed a writ application in this Court, which we granted. Thibodeaux v. Donnell, 2008-2436 (La.12/19/08), 996 So.2d 1124.

LAW AND DISCUSSION
The sole issue presented for our review is whether La. R.S. 40:1299.47(B)(3) requires that notice be sent to the parties that the medical review panel has expired, when the panel has not issued an opinion, and where the panel was not extended by court order. Because this matter involves the interpretation of a statute, it is a question of law, and is thus reviewed by this Court under a de novo standard of review. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., XXXX-XXXX (La.11/29/06), 943 So.2d 1037. In Holly & Smith Architects, Inc., this Court recognized:

*123 Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review. After our review, we "render judgment on the record, without deference to the legal conclusions of the tribunals below. This court is the ultimate arbiter of the meaning of the laws of this state."
Id. at 1045
The prescriptive period for medical malpractice claims is set forth in La. R.S. 9:5628(A), which provides, in pertinent part:
No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect....
La. R.S. 40:1299.47(B)(1)(a)(i) further provides that "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."
In this matter, Plaintiffs' request for medical review panel was filed on November 4, 2004, within a year of the date of the alleged malpractice. Thus, Plaintiffs' claims before the medical review panel were timely filed.
La. R.S. 40:1299.47(A)(2)(a) provides, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section,[3] to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part.
Furthermore, subsection (L) of this statute provides that "[w]here the medical review panel issues its opinion required by this Section, the suspension of the running of prescription shall not cease until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the opinion as required by Subsection J of this Section."
Based on the above statutory provisions, the prescriptive period was suspended by the filing of the request for the medical review panel. When La. R.S. 40:1299.47(A)(2)(a) is considered along with subsections (J) and (L) of the statute, it is clear that suspension of the running of prescription continues until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the panel's opinion. However, in this case, no opinion was ever issued by the panel. Thus, the above provisions do not address the situation before this court.
Relevant to this case is La. R.S. 40:1299.47(B)(1)(b), which provides, in pertinent part:

*124 [I]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant's complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
At specific issue in this case is the proper interpretation of La. R.S. 40:1299.47(B)(3), which further provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
The issue presented is whether, under the facts and circumstances of this case, notice of the dissolution of the medical review panel was required to trigger the running of the ninety-day period in order to terminate the suspension of the prescriptive period.
Dr. Donnell admits that plaintiffs' request for a medical review panel was timely asserted, but argues that, pursuant to La. R.S. 40:1299.47(B)(1)(b), the medical review panel expired by operation of law, and that the expiration of a panel by failure to extend its one-year term does not require notice of that deadline to the plaintiffs or their attorney. Dr. Donnell notes that the parties in medical review panel proceedings receive notice from the PCF at the time an attorney chairman is appointed, identifying the date on which a panel will expire by operation of law, unless the panel expiration date is extended by obtaining a court order. He argues that this notice is all that is required under the statute.
Dr. Donnell further argues that the fact that no extension was obtained in this case should not make a difference, as there is no doubt that plaintiffs received the initial PCF notice of the appointment of the attorney chairman, which set in motion the automatic twelve-month existence of the panel.
Thus, Dr. Donnell argues that once the panel was dissolved, the suspension of prescription, initiated by the filing of the request for the medical review panel, automatically ceased on September 14, 2006, ninety days after the dissolution of the panel by operation of law. Dr. Donnell further asserts that the remaining sixteen days of the plaintiffs' one-year prescriptive period subsequently elapsed on September 30, 2006. Because that date fell on a Saturday, Dr. Donnell contends that the plaintiffs had until Monday, October 2, 2006, to file their suit. According to Dr. Donnell, the cause of action is prescribed because the plaintiffs did not file suit until October 26, 2006.
Plaintiffs argue that La. R.S. 40:1299.47(B)(3) requires that notice be sent by the Attorney Chairman of the Medical Review Panel to all parties, by certified mail, of the dissolution of the medical review panel for prescription to run again. Plaintiffs argue that this statutory provision is clear, express, and purposefully provides for two explicit *125 events, on the expiration of which the suspension of prescription ceases. The first, applicable here, provides for mandatory notification by the Attorney Chairman to all parties by certified mail that the medical review panel has dissolved, which commences the 90-day period. The second, not relevant here, is the expiration of a court-ordered extension of the medical review panel. Plaintiffs argue that Dr. Donnell's position ignores the clear and express language of the statute.
The court of appeal agreed with the plaintiffs, finding that, based on the clear wording of the statute, because plaintiffs did not receive notice of the dissolution of the panel, the prescriptive period for instituting a suit was still suspended at the time plaintiffs filed their petition. We agree.
In David v. Our Lady of the Lake Hospital, 2002-2675 (La.7/2/03), 849 So.2d 38, 46-47, this Court stated:
Nothing is better settled than that in the construction of a law its meaning must first be sought in the language employed. If that be plain, it is the duty of the courts to enforce the law as written, provided it be within the constitutional authority of the legislative body which passed it. Thus, interpretation of any statute begins with the language of the statute itself. When the wording of any of Louisiana's revised statutes is clear and unambiguous, the letter of it shall not be disregarded under the pretext of pursuing its spirit. If application of a clear and unambiguous statute does not lead to absurd results, the law shall be applied as written; no further interpretation may be made in search of the intent of the legislature. Words and phrases ... shall be construed according to the common and approved usage of the language. The proper connotation to be placed on a word in a statute does not depend on an isolated definition attributable to it; instead, the word and the context in which it is used shall be considered.
David, 849 So.2d at 46-7 (internal citations removed); see also: Landry v. Louisiana Citizens Property Insurance, XXXX-XXXX (La.5/21/08), 983 So.2d 66, 79.
Breaking down the language of La. R.S. 40:1299.47(B)(3), the statute provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel
or
ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection,
the suspension of the running of prescription with respect to a qualified health care provider shall cease.
(Emphasis added).
Thus, it is clear that the statute provides for two different scenarios which will result in the cessation of the suspension of the running of prescription. As this Court explained in Blackburn v. National Union Fire Ins. Co. of Pittsburgh, 2000-2668 (La.4/3/01), 784 So.2d 637, the disjunctive word "or" is a clear, unambiguous term whose use between two provisions makes alternative events. Blackburn, 784 So.2d at 642.
Thus, by the explicit language of the statute, the first scenario which will cease the suspension of the running of prescription is the passing of 90-days after "notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel." The second scenario which will cease the suspension of the running of prescription is the passing of ninety days "after the expiration of any court-ordered extension." *126 Because there was no court-ordered extension of the medical review panel in this matter, the second scenario is inapplicable. Thus, the language pertaining to the first scenario is controlling.
Given the clear and explicit language of the statute, the only conclusion is that, in cases where no court-ordered extension was requested or obtained, notification to the parties is necessary for the suspension of the running of prescription to cease after the dissolution of the medical review panel. As the court of appeal noted, "[t]o conclude otherwise would render the first portion of La. R.S. 40:1299.47(B)(3) superfluous or meaningless." Thibodeaux, 994 So.2d at 618.
We also find that this notice requirement comports with due process concerns. Individuals are constitutionally guaranteed the right to due process of law. Procedural due process requires that before an individual is deprived of a property right, the individual must be provided with notice and an opportunity to be heard. In re Justice of the Peace Landry, XXXX-XXXX (La.6/29/01), 789 So.2d 1271, 1277; Hamilton v. Royal International Petroleum, 2005-846 (La.2/22/06), 934 So.2d 25, 30.

CONCLUSION
This case presents the question of what event triggers the running of the ninety-day period after which suspension of prescription ceases when a medical review panel is dissolved by operation of law. La. R.S. 40:1299.47(B)(1)(b) speaks merely to the dissolution of the review panel. Because the running of the ninety-day period is triggered not upon dissolution, but upon notification, the provisions of La. R.S. 40:1299.47(B)(1)(b) are inapplicable. Rather, the clear, unambiguous, and explicit language of La. R.S. 40:1299.47(B)(3) is controlling in this case, and in accordance with its plain language, suspension of prescription ceases ninety days after the notification of the dissolution of the medical review panel. In this matter, there is nothing in the record to support a finding that such notice was sent to the parties. In the absence of notification, prescription was still interrupted at the time Plaintiffs filed suit in the district court. Thus, Plaintiffs claims were timely filed.

DECREE
For the above reasons, we affirm the decision of the court of appeal, finding that Plaintiffs' medical malpractice suit was timely filed.
VICTORY and GUIDRY, JJ., dissent and assign reasons.
TRAYLOR, J., dissents for reasons assigned by VICTORY and GUIDRY, JJ.
VICTORY, J., dissenting.
I dissent from the majority opinion holding that notice of a medical review panel's dissolution is necessary to trigger the running of the 90-day period in La. R.S. 40:1299.47. While there is some support for this holding, the statutes regarding this issue conflict and the majority's opinion leads to absurd consequences. La. R.S. 40:1299.47(B)(1)(b) provides that if an medical review panel opinion is not rendered within 12 months of the date of notification of the selection of the attorney chairman, suit may be instituted against the health care provider. That statute also provides that either party may ask for an extension of the 12 month period for good cause shown. La. R.S. 40:1299.47(B)(1)(b). After the 12 month period or any court ordered extension, the medical review panel shall be dissolved without the necessity of obtaining a court order and suit may then be filed against the health care provider. La. R.S. 40:1299.47(B)(1)(b). That statute does not *127 require notice to the parties that the panel has been dissolved and allows for suit to be filed upon the automatic dissolution of the panel. On the other hand, La. R.S. 40:1299.47(B)(3) provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
This statute appears to provide that the suspension of prescription ceases ninety days after (1) notification to all parties by certified mail of the dissolution of the panel; or (2) the expiration of any court ordered extension. The problem I see with this statute is that no provision of the Medical Malpractice Act requires that the parties be notified of the dissolution of the panel, and, it makes no sense that a party could file suit after expiration of the 12 month period with no notification, but that prescription is still suspended during that time because of the lack of notification. Also, the attorney chairman's duties end with the dissolution of the panel and it is highly unlikely that the panel would ever notify the parties of its dissolution, given that they had not been working to render an opinion within the 12 month period. In addition, La. R.S. 40:1299.47(B)(1)(b) provides that the suspensive period ceases by operation of law. Further, under the majority's holding, if the parties are never notified, prescription will be forever suspended, and that cannot have been the intent of the legislature. Also, there is no logical reason why notification would be required where the panel is dissolved after the ordinary 12 month period, but not when the parties got an extension of the 12 month period. Finally, can a plaintiff whose lawsuit has been dismissed for failure to file suit within 90 days of the dissolution of the panel now go back and have that judgment of dismissal nullified if he or she never received actual notice of the panel's dissolution from the attorney chairman?
In my view, given that the language of La. R.S. 40:1299.47(B)(3) is inconsistent with the other provisions of the MMA which do not require notice of the panel's dissolution in order for a plaintiff to file suit against the health care provider, and given that the majority's interpretation of that statute to require notice would lead to the absurd result of having prescription suspended forever, I disagree with the majority opinion and respectfully dissent.
GUIDRY, Justice, dissents and assigns reasons.
I respectfully dissent from the majority opinion for the reasons expressed in Justice Victory's dissent. I write separately to suggest that, given the conflicting provisions in La.Rev.Stat. 40:1299.47 regarding whether notice of the dissolution of a medical review panel is necessary to commence the running of the ninety-day suspensive period, and given a majority holding that could lead to absurd consequences, the legislature should consider revisiting this provision in the Medical Malpractice Act to provide consistency on the notice requirement.
NOTES
[1] Placenta previa is implantation of the placenta over the internal opening of the cervix. Total placenta previa occurs when the placenta completely covers the opening. The Merck Manual 2196 (18th ed.2006).
[2] Judge Kuhn dissented.
[3] Subsection (J) of the statute requires the chairman to submit a copy of the panel's report to the board and all parties and attorneys by registered or certified mail within five days after the panel renders its opinion.