PAUL A. BONIN, Judge.
| T After an adverse ruling by a district court but before the appeal from it was decided, Kimberly and Todd Thibodeaux filed suit for legal malpractice against their former attorneys, Braud and Gallagher, LLC,[1] for the lawyers’ alleged negligence in allowing their medical malpractice claim to prescribe. Even though the district court’s ruling was reversed and their medical malpractice lawsuit reinstated, the Thi-bodeauxs, without amending their original lawsuit, pursued their former lawyers for professional negligence.
The district court dismissed their legal malpractice claim, and they have appealed, arguing that they nonetheless sustained damages because their former lawyer failed to make a reasonable or correct argument to defeat their physician’s exception of prescription. Because it is factually uncontested that the medical malpractice lawsuit is not prescribed, after our de novo review of the motion for summary judgment, we find that the Thibodeauxs have failed to establish as an essential element of their claim any actionable negligence on the part of the former attorneys. Accordingly, we affirm the dismissal with prejudice and explain our holding in greater detail below.
I
In this Part we discuss the decisions of the First Circuit and of the Louisiana Supreme Court which conclusively establish that the medical malpractice lawsuit was timely filed.
Mrs. Thibodeaux’s physician performed a caesarian section and a hysterectomy. While she was still hospitalized, Mrs. Thi-bodeaux contacted and engaged these attorneys to represent her because she believed that her physician had negligently lacerated her bladder while performing the hysterectomy. The attorneys[2] timely filed a request for medical review panel as there were about sixteen days remaining before the expiration of the period for Iiberative prescription. The filing of this request suspended the prescriptive period. See La. R.S. 40:1299.41 G.
On June 16, 2005, the parties were notified by the Patient’s Compensation Fund that an attorney chairman had been selected. But the medical review panel did not meet and did not issue an opinion. Because there was no extension, the panel dissolved on June 16, 2006. See La. R.S. 40:1299.47 B(l)(b). No notice of the panel’s expiration was given. The attorneys filed a medical malpractice suit against the physician on October 26, 2006.
*503 The physician objected to the suit arguing that the prescriptive period (ninety days from June 16, 2006 plus the remaining sixteen days) had expired before the lawsuit was filed. The district court sustained the physician’s exception and dismissed the medical malpractice suit with prejudice. Shortly afterwards the Thibo-deauxs discharged their attorneys and engaged replacement counsel who handled the appeal in the medical malpractice case (and at the same time instituted this legal malpractice case).
On appeal in the First Circuit, the matter was assigned to a five-judge panel. See La. Const. art. V, § 8(B) (“[I]n civil matters only, when a judgment of a district court ... is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to the rendition of judgment, and a majority shall concur to render judgment”). In the First Circuit the Thibodeauxs’ replacement counsel argued that the prescriptive period had not expired because the Thibodeauxs’ counsel had not received notification by certified mail that the medical review panel had dissolved, and thus the period of suspension had not yet begun to run when the malpractice lawsuit was filed. In a divided decision the First Circuit agreed. It reversed the judgment and remanded the matter to the district court. Thibodeaux v. Donnell, 07-1845, p. 7 (La.App. 1 Cir. 9/12/08), 994 So.2d 612, 618 (Kuhn, J., dissenting). The First Circuit had concluded that La. R.S. 40:1299.47 B(3) requires that a claimant be given notice before the suspension of prescription can terminate. Id. Judge Kuhn, in his dissent, observed that the Thibodeauxs’ argument on appeal was not the argument advanced by them in the trial court. Id. at 618.
The physician then filed an application for a writ of certiorari in the Supreme Court, which was granted. Thibodeaux v. Donnell, 08-2436 (La.12/19/08), 996 So.2d 1124. The Supreme Court, also in a divided decision, decided that the Thibodeauxs’ malpractice suit was timely. Thibodeaux v. Donnell, 08-2436, p. 8 (La.5/9/09), 9 So.3d 120, 126 (Victory, Traylor and Gui-dry, JJ., dissenting). The physician’s application for rehearing was denied on May 29, 2009; the decision is now final. See La. C.C.P. art. 2167 (“When an application for rehearing has been applied for timely, a judgment of the supreme court becomes final and definitive when the application is denied.”)
Thus, without dispute and as a matter of law, the Thibodeauxs’ malpractice lawsuit was timely filed by the attorneys who are sued in this legal malpractice case.
II
As we have previously held, “[i]n order to prevail on a legal malpractice claim, the plaintiff must establish the following three elements: 1) an attorney-client relationship; 2) that the attorney was negligent in his representation of the client; and 3) that negligence caused the plaintiff loss.” St. Paul Fire and Marine Ins. Co. v. GAB Robins North America, Inc., 08-0331, p. 8 (La.App. 4 Cir. 11/19/08), 999 So.2d 72, 77. The plaintiff bears the burden of proof with respect to each of these elements. Id. But, most importantly for the purposes of this case, failure to prove one of these elements is fatal to the claim. See Palumbo v. Shapiro, 11-0769, p. 13 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 930-931.
The Thibodeauxs prudently instituted this legal malpractice suit when the trial court ruled that their medical malpractice suit was prescribed. “[O]nce the client has proved that his former attorney accepted employment and failed to assert the claim timely, then the client has estab *504 lished a prima facie case that the attorney’s negligence caused him some loss ...” Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 1110 (La.1982); see also Evans v. Detweiler, 466 So.2d 800, 802 (La.App. 4th Cir.1985). But, because the medical malpractice lawsuit, as it turns out, was timely filed, the Thibodeauxs cannot establish the second essential element of their legal malpractice claim: that their attorneys were negligent in their representation.
Moreover, as we already observed, the burden of proof at the trial of the legal malpractice claim would not be on the defendant attorneys in this case. In order for the attorneys to prevail on their motion for summary judgment, they need only “to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966 C(2). The Thibodeauxs necessarily fail to produce any factual support to establish that they would be able to satisfy their evidentiary burden of proof at trial that the attorneys negligently allowed the medical malpractice claim to prescribe; thus there is no genuine issue of material fact, and the summary judgment was correctly granted. Id.
III
The Thibodeauxs have nonetheless argued to us that even though the medical malpractice lawsuit is timely filed there is still actionable negligence on the part of their former attorneys. They describe the negligence as the failure to raise the appropriate defenses to the physician’s exception in the trial court. They characterized the former attorneys’ trial court arguments as improper, inadequate, and unsound under the facts. They inform us that the attorneys opposed the exception only on a contra non valentón basis, arguing that the Thibodeauxs had not discovered the harm. See also Thibodeaux v. Donnell, 07-1845, p. 3, n. 2 (La.App. 1 Cir. 9/12/08), 994 So.2d 612, 615, n. 2. They infer that the ensuing appeal and its expenses were necessitated solely by the failure of the attorneys to present the trial court with the same arguments which their replacement counsel successfully urged in the appellate courts.
We cannot accept the inference that the trial judge would necessarily have accepted the merits of an argument which ultimately prevailed in the Supreme Court, especially in this case where there was considerable difference of opinion among the justices as to the merits of the argument. And thus we cannot accept the Thibodeauxs’ predicate that the ensuing appeal and expenses would not have been occasioned but for their former attorneys’ failure to make a particular argument.
Moreover, as we consider the vagaries inherent in litigation, we cannot suppose that a single ineffective (or even unsound) argument in the trial court can constitute actionable negligence when the party ultimately prevails on the very issue to which the ineffective argument was addressed.[3] Therefore, we conclude that the Thibodeauxs have not raised a genuine issue of material fact by asserting that their former attorneys’ single ineffective trial court argument caused them any compensable damage.
*505 DECREE
We affirm the summary judgment in favor of Braud & Gallagher, LLC, C. Ar-len Braud, and Michelle Gallagher and against Kimberly Thibodeaux and Todd Thibodeaux, individually and on behalf of their minor child, Gabrielle Thibodeaux, dismissing their suit with prejudice. All costs of the appeal are taxed to the appellants. See La. C.C.P. art. 2164.
AFFIRMED

. Also named as defendants are the members of the firm, C. Arlen Braud II and Michelle Gallagher, who are appellees. Other attorneys, who were referral counsel, were named as defendants, but they are not before us on this appeal.

. Braud & Gallagher were assisted in the medical malpractice claim by referral counsel.

. We do not mean to suggest that a lawyer who engages in a course of substandard conduct by actively counseling his client to the client’s detriment can avoid liability for the client's added expenses simply because his former client is able to recover through the employment of other counsel what would otherwise have been lost. Cf. Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972).